**Fill in this information to identify the case:**

Debtor name  **GATA HF, LLC**

United States Bankruptcy Court for the:  **District of Nevada**

Case number (if known)    **21-14989-nmc**

☐ Check if this is an amended filing

Official Form 425A

---

**Plan of Reorganization for Small Business Under Chapter 11**                                                                 02/20

**GATA HF, LLC'S CHAPTER 11 PLAN OF REORGANIZATION, Dated January 18, 2022**

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

GATA HF, LLC is a Nevada limited liability company (the "Debtor") formed on June 16, 2018 and that is managed indirectly by Paul Thomas ("Mr. Thomas"). Mr. Thomas is the sole member of GATA IV LLC, the Debtor's managing member. The Debtor owns a thirty (30) acre parcel of land commonly known as 9381 S. Homestead Road, Pahrump, Nye County, Nevada, APN 045-411-003, as well as 30-acre feet of associated water rights (the "Property"). The Property is improved with two operating wells, a 5/8th mile horse race track that has 3,500 seats, a private chapel, a gazebo, a 19-horse stable with a 1,392 square foot, two bedroom/two living quarters on the second floor, and a meeting hall with public bathrooms. The Debtor has used approximately ten (10) acres of the Property for cultivating and processing hemp for the production of cannabidiol ("CBD") oil, including flower, extract and isolate. The Debtor's operations are legal under both applicable Federal and Nevada state law because not only does the Debtor have the appropriate licensure and approvals, but also the product it grows and produces is below the Federally legal limit of 0.3% THC (delta-9-tetrahydrocannabinol). Since October 2020, the Debtor also has leased the barn facilities on the Property to a religious organization.

#### Loan from NV Capital

On or about December 13, 2019, GATA III, LLC ("GATA III"), as borrower, and certain direct beneficiaries, as lenders, entered into a Promissory Note Secured by Deed of Trust as arranged by NV Capital Corporation, LLC ("NV Capital"), as broker, in the original principal amount of $1,500,000 (the "NV Capital Note"). All obligations under the NV Capital Note were secured with a Deed of Trust with Assignment of Rents recorded against the Property in the Official Records of the County Recorder, Nye County, Nevada as Document No. 922944 on December 20, 2019. On January 3, 2020, GATA III deeded the Property to the Debtor, and the Debtor also assumed all of the obligations under the NV Capital Note pursuant to a Loan Assumption Agreement dated and recorded as of that same date. The NV Capital Note was payable in monthly installments of interest-only payments of $18,125, commencing on February 1, 2020 and continuing on the first day of each and every calendar month until January 1, 2021, at which time the entire unpaid balance was due and payable. Mr. Thomas personally guaranteed the NV Capital Note, thus providing the NV Capital lenders additional credit support in addition to the Debtor's Property.

#### Loan from David Leventhal

On or about October 14, 2019, Mr. Thomas, as original borrower, entered into a promissory note (the "Leventhal Note") with David Leventhal ("Mr. Leventhal"), as lender, in the original principal amount of $180,000. The terms of the Leventhal Note required payments of accrued interest at the rate of 5% per annum every quarter, and the entire outstanding amount be repaid in two (2) years, and thus payable in full by October 14, 2021. On or about February 4, 2020, the parties entered into a Loan Modification Agreement, which provided for additional consideration in favor of Mr. Leventhal, as lender, in the form of shared appreciation in a third entity owned by Mr. Thomas called ETW Management Group, LLC ("ETW").

On or about May 28, 2021, and thus approximately nineteen (19) months after the original loan was made, and about five (5) months before the Debtor's Petition Date, Mr. Thomas, ETW, and the Debtor entered into a Loan Assumption Agreement with Mr. Leventhal, whereby the Debtor, for the first time, also assumed joint liability for the debt owed to Mr. Leventhal, and also agreed to provide security for the Leventhal Note by granting a lien on its Property. On June 3, 2021, Mr. Leventhal recorded a Deed of Trust and Assignment of Rents on the Property as Document No. 956880 to perfecting his lien in the Property as granted by the Loan Assumption Agreement.

The Debtor asserts that the Loan Assumption Agreement, including the Debtor's agreement to be jointly liable on the Leventhal Note, as well as granting a lien on its Property, and the subsequent perfection thereof, are all potentially constructively fraudulent transfers and/or obligations that are avoidable pursuant to 11 U.S.C. §§ 544 and 548, and that, to the extent necessary, they are also recoverable for the benefit of the estate pursuant to 11 U.S.C. § 550, among possibly other issues. The Debtor made demand on Mr. Leventhal for the voiding of this lien, however, as of the filing of this Plan, the parties have been unable to resolve the matter, and thus the Debtor may need to file an adversary proceeding against Mr. Leventhal to avoid and recovery these transfers

| Debtor | **GATA HF, LLC** | Case number (*if known*)   **21-14989-nmc** |
|---|---|---|
| | Name | |

and/or obligations pursuant to various provisions of Chapter 5 of the Bankruptcy Code, and also seek the disallowance of Mr. Leventhal's claim against the Debtor pursuant to 11 U.S.C. § 502(d), among other claims and issues.

**Loan from Judah Zakalik**

On December 18, 2020, Mr. Thomas and the Debtor, as borrowers, entered into a promissory note (the "Zakalik Note") with Judah Zakalik ("Mr. Zakalik"), as lender, in the original principal amount of $200,000. The terms of the Zakalik Note required the borrowers, including the Debtor, to pay $120,000 by March 30, 2021, and $80,000 by June 30, 2021. The Zakalik Note accrues interest at the rate of 20% per annum in the event of default, including the borrowers' failure to timely make any payments. The Zakalik Note also provides that it is secured by the Debtor's Property, as well as other real property owned or controlled by Mr. Thomas.

There is no separate security agreement or deed of trust associated with the Zakalik Note, however, on August 26, 2021, and thus more than eight (8) months after the parties entered into that note, and thus within the 90-day period for the avoidance of preferences pursuant to 11 U.S.C. § 547, Mr. Zakalik recorded a copy of his note against the Property as Document No. 963189. The Debtor asserts that the recordation of the Zakalik Note in the preference period, and the resulting "step up" in treatment from an unperfected to a perfected secured creditor, is an avoidable preferential transfer that is, to the extent necessary, also recoverable for the benefit of the estate pursuant to 11 U.S.C. § 550. The Debtor has negotiated a stipulation with Mr. Zakalik, which is attached to this Plan as **Exhibit 4**, and incorporated herein in full, to resolve this issue, which generally provides that Mr. Zakalik's lien in the Property is void, and thus rendering his claim a general unsecured claim in the case.

**The Debtor's Chapter 11 Case**

On June 2, 2021, certain of the beneficiaries under the NV Capital Note recorded a Notice of Breach and Election to Sell on the Property, and on September 29, 2021, those parties recorded a Notice of Breach and Election to Sell on the Property, which set a trustee's sale for October 21, 2021.

On October 20, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), thus commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor's bankruptcy filing the foreclosure sale commenced by the NV Capital lenders from proceeding by operation of the automatic stay in section 362 of the Bankruptcy Code.

The Debtor has elected to be treated under Subchapter V of chapter 11 of the Bankruptcy Code, and thus is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to section 1184 of the Bankruptcy Code. Brian D. Shapiro has been appointed as the Subchapter V Trustee in the Debtor's Chapter 11 Case.

The purpose of the Chapter 11 Case is to preserve and protect the Debtor's equity in the Property, and to allow it to continue operating in the ordinary course, restructure its Allowed secured debts, and commence repayment of its Allowed claims over time, and also to provide the Debtor the option to sell one or both of the Properties, as needed, for fair value instead of some reduced value in a distressed sale situation, or alternative, to refinance the Allowed secured claim of the NV Capital lenders.

On October 21, 2021, the Court entered its *Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. § 1111(b)(2); and (D) Other Deadlines* [ECF No. 7], which Order includes various important deadlines in this case.

On November 3, 2021, the Debtor filed its bankruptcy schedules and statement of financial affairs [ECF No. 14], which disputed various of the claims referenced herein.

On November 11, 2021, the Debtor filed its application to employ Larson & Zirzow as its reorganization counsel [ECF No. 17], which the Court approved by order entered on December 16, 2021 [ECF No. 29].

On November 18, 2021, the Debtor appeared at its 341 first meeting of creditors and that matter was concluded [ECF No. 24].

Certain of the NV Capital Lenders have filed proofs of clam in the Debtor's Chapter 11 Case asserting claims in the Property totaling $2,025,057.54 as of the Petition Date.

The Debtor has an appraisal of the Property, with an effective date of the "as is" market value of January 20, 2020, of $3,515,000 for the fee simple estate, inclusive of $300,000 in value for the 30-acre feet of water rights associated with it. Notwithstanding the foregoing valuation, the Debtor had the Property under potential contract for sale to a third-party buyer in mid-January 2021 for a purchase price of in excess of that appraised value, which amount was to be paid in cash at closing and without any financing contingency, however, that sale was never consummated, and thus the Debtor is still seeking to sell the Property to satisfy its Allowed claims, or to refinance out the NV Capital lenders.

Attached as **Exhibit 1** are the Debtor's most recent pre-petition balance sheets and income statements for 2020, and for 2021 through September 30, 2021.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is

| Debtor | **GATA HF, LLC** | Case number (*if known*) **21-14989-nmc** |
|---|---|---|
| | Name | |

attached to the Plan as **Exhibit 2**.

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 3**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of a total of **$43,378**, in the aggregate, over the next **five (5) years**.

The final Plan payment is expected to be paid by **March 2026**.

The Debtor's Projections are based on its historical operating results.

**Consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes to pay creditors of **GATA HF, LLC** (the "Debtor") from cash flow from operations, future income, and potential litigation recoveries, as needed.

This Plan provides for:  **1** class of priority claims;

**2** classes of secured claims;

**1** class of non-priority unsecured claims; and

**1** class of equity security holders.

Non-priority unsecured creditors holding Allowed claims will receive distributions, which the proponent of this Plan has valued approximately **$0.045** cents on the dollar (based on an estimated $1.1 million of allowed general unsecured claims and a distribution to general unsecured creditors of $50,000 over the life of the Plan).  This Plan also provides for the payment in full of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** ............................ | All Allowed unsecured claims entitled to **Priority** under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
|---|---|---|
| 2.02 | **Class 2** ............................ | The claims of the **NV Capital Lenders**, to the extent Allowed as a secured claim under § 506 of the Code, which consist of the current holders (as of the date of this Plan) of the beneficial interests under the NV Capital Note and associated deed of trust.  Each holder of an Allowed claim in class 2 shall be within its own separate subclass. |
| 2.06 | **Class 3** ............................ | The claims of any **Other Secured Claims**, to the extent Allowed as a secured claim under § 506 of the Code.  This class includes any other claim, *other than* as specified in Class 2, that is secured by a lien on property in which the Debtor's bankruptcy estate has an interest, which lien is valid, perfected, and enforceable pursuant to applicable law or by reason of an order of the Bankruptcy Court, but only to the extent of the value of the applicable creditor's interest in the bankruptcy estate's interest in such property.  Each holder of an Allowed claim in Class 3 shall be in its own separate subclass. |
| 2.07 | **Class 4** ............................ | All **Non-Priority General Unsecured Claims**, to the extent Allowed as a general unsecured claim under § 502 of the Code, and that do not have any statutory priority pursuant to § 507 of the Code. |
| 2.08 | **Class 5** ............................ | All **Equity Interests** of the Debtor. |

Debtor  **GATA HF, LLC**
_____     Case number (*if known*)  **21-14989-nmc**
Name

■■■■■  **Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
|---|---|---|

| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim Allowed under § 503 of the Code will be paid in full, in cash, over time pursuant to § 1191(e) of the Code, any fees and costs as Allowed by the Court, as follows:  (1) any professionals holding retainers may apply such retainer funds directly to the payment of any Allowed fees and costs; (2) any remaining unpaid professional fee claims and any other administrative expense claims, including without limitation any claim for fees and costs of the Subchapter V Trustee, shall be paid their *pro rata* share of not less than $5,000.00 per month commencing on the 15th of the month following the allowance of their claims after the Effective Date, and continuing on the same basis by the same date on each and every month thereafter paid in full. |
|---|---|---|
| | | The deadline for filing requests for allowance of administrative expense claims shall be 30 days after the occurrence of the Effective Date (the "Administrative Claim Bar Date").  In the event any request for allowance of an administrative expense claim is not filed by the Administrative Claim Bar Date, then it shall be forever barred and unenforceable against the Debtor or Reorganized Debtor, as applicable, and any property revested in the Reorganized Debtor. |

| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid in full in cash its respective Allowed Claim in equal monthly payments, plus interest, at the rate of $400 per month, with such payments commencing on the 15th of the month following the occurrence of the Plan's Effective Date, and continuing on the 15th of each and every month thereafter through Month 50 of the Plan until paid in full. |
|---|---|---|

| 3.04 | **Statutory fees** | Not applicable pursuant to 28 U.S.C. § 1930(a)(6)(A). |
|---|---|---|

| 3.05 | **Prospective quarterly fees** | Not applicable pursuant to 28 U.S.C. § 1930(a)(6)(A). |
|---|---|---|

■■■■■  **Article 4: Treatment of Claims and Interests Under the Plan**

**4.01  Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority claims** excluding those in Article 3 | ☐ Impaired<br>☒ Unimpaired | Each holder of a Class 1 Allowed priority claim pursuant to Code § 507 (excluding the priority tax claims addressed in Article 3.03) will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is Allowed by a final non-appealable order.  Class 1 is unimpaired and is deemed to accept the Plan. |
| **Class 2 – Secured claim of the NV Capital Lenders** | ☒ Impaired<br>☐ Unimpaired | Each holder of a Class 2 Allowed secured claim shall retain any liens they may have securing their Allowed secured claim until that claim is paid in full, in cash, and shall be satisfied in full by the payment of the following:<br><br>(a) Months 2-13:  $20,000 per month;<br><br>(b) Months 14-25:  $30,000 per month;<br><br>(c) Months 26-43, and 46-54:  $40,000 per month;<br><br>(d) Months 45, and 57-59:  $80,000 per month; and<br><br>(e) Months 60:  Payment of any remainder in a final balloon payment of any and all remaining Allowed secured claim amount.<br><br>All payments shall commence in the month following the occurrence of the Plan's Effective Date, and be made on or prior to the 15th day of each month.<br><br>Sale or Refinancing.  Notwithstanding the foregoing, the Debtor shall have the absolute right during the term of this Plan to sell the Property or to refinance the Allowed secured claims owed to the NV Capital Lenders, *provided that* the Allowed secured claim of the NV Capital Lenders as provided for in this Plan shall be paid in full directly from escrow from such sale of the Property, or immediately from the refinancing of the debt associated with such claims, and as a condition to their lien in |

| Debtor | **GATA HF, LLC** | Case number (*if known*) | **21-14989-nmc** |
|---|---|---|---|
| | Name | | |

the Property being satisfied and reconveyed.

All payments to Class 2 shall be made on a *pro rata* basis pursuant to their percentage investments in the Deed of Trust.  Class 2 is impaired and thus is entitled to vote on the Plan.

---

| **Class 3 – Other Secured Claims** | ☐ Impaired<br>☒ Unimpaired | Each holder of a Class 3 Allowed secured claim shall receive, on or as soon as reasonably practicable after the latest to occur of (i) the Effective Date and (ii) the date on which each such Secured Claim becomes an Allowed Claim, each Holder of such an Allowed Claim, if any, shall receive, on account of, and in full and complete settlement, release and discharge of and in exchange for such Allowed secured claim, at the election of the Debtor or Reorganized Debtor (as applicable), (a) such treatment in accordance with Bankruptcy Code § 1124 as may be determined by the Bankruptcy Court; (b) payment in full, in Cash, of such Allowed secured claim; (c) satisfaction of any such Allowed secured claim by delivering the collateral securing any such Claims; or (d) providing such Holder with such treatment in accordance with Bankruptcy Code § 1129(b) as may be determined by the Bankruptcy Court.  Class 3 is unimpaired and thus is not entitled to vote on the Plan. |
|---|---|---|
| **Class 4 – Non-Priority General Unsecured Creditors** | ☒ Impaired<br>☐ Unimpaired | Each holder of an Allowed general unsecured, non-priority claim shall receive its *pro rata* share of the sum of Debtor's disposable income in the total aggregate amount of $50,000 over the life of the Plan, or such other amount as the Court may require at the confirmation hearing on the Plan and as consistent with §§ 1190 and 1191 of the Code, with such payments being made on or prior to the 15th of day of the 12th, 24th, 36th, 48th, and 60th months following the Effective Date, and in sums of $10,000 each year.  Class 4 is impaired and thus is entitled to vote on the Plan. |
| **Class 5 - Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | Except to the extent that the Holders of Class 7 Equity Interests agree to less favorable treatment, they shall retain their Equity Interests, subject to the terms and conditions of this Plan.  Class 5 is unimpaired and thus is deemed to accept the Plan. |

---

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: |
|---|---|---|
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is Allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

| Debtor | GATA HF, LLC | Case number (*if known*)  21-14989-nmc |
|---|---|---|
| | Name | |

---

**Article 6: Provisions for Executory Contracts and Unexpired Leases**

| 6.01 | **Assumed executory contracts and unexpired leases** | The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date: |

1. <u>GATA Holdings, LLC:</u>  Share Services Agreement.
2. <u>Guardant Investments, Inc.:</u>  Management Agreement.
3. <u>Freedom Fries, LLC:</u>  Commercial Lease of barn facilities at the Property
4. <u>American Modern Insurance Group:</u>  Dwelling Basic Insurance Policy, No. 101-448-329

The Debtor asserts that no cure claims are owing for all of the above-listed executory contracts and unexpired leases that are proposed to be assumed.  Except for executory contracts and unexpired leases listed above, the Debtor will be deemed to have rejected all others as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumptions and rejections described in this *Section 6*, pursuant to section 365 of the Code, as of the Effective Date.

---

**Article 7: Means for Implementation of the Plan**

This Plan will be funded through cash flow generated from future operations, including through the continued lease (as amended) of part of the Property and its operations as a hemp farm, as well as contributions from its ultimate owner, Mr. Thomas, shortly after the Plan is confirmed, to "jump start" the operations.  The Debtor's ultimate goal is to sell the Property during the Plan's term to pay off all Allowed secured claims on the Property in full, or otherwise to refinance the Allowed secured claims of the NV Capital Lenders during the Plan's term, to pay them in full through such new loan.  The Debtor also asserts that it has ample equity in the Property, and thus that the NV Capital lenders also have an ample equity cushion on which to rely and provide them with substantial adequate protection, and in addition to the substantial monthly payments to such lenders as proposed by this Plan.

---

**Article 8: General Provision**

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |

1. <u>Bar Date</u>.  <u>December 29, 2021</u> for all creditors, except for governmental units, which is the date by which such creditors are required to file proofs of claim with respect to pre-petition claims, except with respect to claims that were scheduled by the Debtor in its filed bankruptcy schedules as undisputed, non-contingent, and liquidated.  For governmental units, the bar date for their claims is <u>April 18, 2022</u>.

2. <u>Allowed</u>.  The term "Allowed" as used herein with reference to any claim against the Debtor shall mean:  (a) any claim against the Debtor that has been listed in the Debtor's filed bankruptcy schedules, as such schedules may be amended from time to time in accordance with Fed. R. Bankr. P. 1009, as liquidated in amount, and not disputed or contingent and for which no contrary proof of claim has been filed; (b) any claim allowed (i) under the Plan, (ii) by final order of the Bankruptcy Court; or (c) as to which a proof of claim has been timely filed by the Bar Date in a liquidated amount with the Bankruptcy Court, pursuant to the Code or any order of the Bankruptcy Court, or has been filed with leave of the Bankruptcy Court after notice and a hearing, *provided that* no objection to the allowance of such claim or motion to expunge such claim has been filed by any party in interest before the deadline to object to confirmation of the Plan as may be scheduled by the Court.

---

| 8.02 | **Effective Date** | The effective date of this Plan (the "<u>Effective Date</u>") is the first business day following the date that is 14 days after the entry of the confirmation order confirming this Plan (the "<u>Confirmation Order</u>"). If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |

---

| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |

---

| Debtor | GATA HF, LLC | Case number (*if known*) | 21-14989-nmc |
|---|---|---|---|
| | Name | | |

**8.04    Binding Effect:**  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05    Captions**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06    Controlling Effect**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07    Corporate Governance**  GATA IV is and shall remain the sole member of the Debtor, which is managed by Mr. Thomas.  Mr. Thomas has always indirectly and ultimately the sole manager and member of the Debtor.  Given Mr. Thomas's knowledge of the Property and the Debtor's operations, as well as his additional proposed contributions in the business to "jump start" operations post-confirmation, he is the most suitability individual to continue in that leadership role post-confirmation of the Plan as well.

**8.08    Retention of Jurisdiction**  The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Effective Date for the following purposes, it being expressly intended that such retention of jurisdiction shall extend to any actions or proceedings commenced prior or subsequent to the Effective Date, whether by Debtor or the parties specified herein:  To hear and determine any objections to the allowance of Claims, or the satisfaction of any liens pursuant to section 506(d) and 1141(c) for property dealt with under the Plan; To determine any and all applications for compensation for any professionals and similar fees to the extent made specifically subject to a hearing under the Plan and applicable provisions of the Bankruptcy Code; To modify the Plan or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code; To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan; To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case; To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof; To determine all questions and disputes regarding recovery of and entitlement to any property of Debtor, or in any proceeds thereof; To determine issues and disputes concerning entitlement to distributions to be made under and pursuant to the Plan; To enter any order, including injunctions, necessary to enforce the title, rights and powers of Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate; To enter a discharge and final decree closing the Chapter 11 Case; To enforce the provisions of any Administrative Claim Bar Date; To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting or enforcing the provisions thereof.

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

| Debtor | GATA HF, LLC | Case number (*if known*) | 21-14989-nmc |
|---|---|---|---|
| | Name | | |

### Article 10: Other Provisions

1.  <u>Prepayment</u>.  The Debtor may prepay any Allowed claims under the Plan in advance and without prepayment penalty.

2.  <u>Modified Treatment</u>.  A holder of an Allowed claim in any Class may voluntarily agree to a less favorable treatment of its claim than is as set forth in the Plan; *provided*, *however*, that such agreement must be in writing and signed by both the Debtor and that party.

3.  <u>Interest Rate</u>.  Unless otherwise provided herein, all interest to be paid under the Plan shall be paid at the federal judgment rate pursuant to 28 U.S.C. § 1961(a) in effect as of the Petition Date (0.11% per annum), or such other amount as the Bankruptcy Court may order at the confirmation hearing on the Plan and consistent with the Code.

4.  <u>Elimination of Vacant Classes</u>.  Any class of claims that is not occupied as of the date of the commencement of the confirmation hearing by an Allowed claim or a claim temporarily Allowed under Fed. R. Bankr. P. 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class.

5.  <u>Claim Objection</u>.  This Plan is an objection to the allowance of any claims pursuant to section 502(b)(1) of the Code as unenforceable against the Debtor under applicable law, for any alleged creditors who received actual notice of the Chapter 11 Case and that:  (a) were not listed on the Debtor's filed bankruptcy schedules and for which no proof of claim was filed on or prior to the Bar Date; (b) were listed on the Debtor's bankruptcy schedules as disputed, contingent or unliquidated, and for which no proof of claim was filed on or prior to the Bar Date; or (c) are the subject of a proof of claim for a pre-petition claim that was filed after the Bar Date, and for which the Court has not entered an order allowing such filing by the deadline to object to the Plan.  The entry of the Confirmation Order shall be an adjudication on the merits of the claims subject to this <u>Paragraph 5</u>, and such claims and any liens or security interests therein shall be forever barred, estopped, and unenforceable against the reorganized Debtor and its Property.

6.  <u>Cure Claims</u>.  Any party to an executory contract or unexpired lease who objects to the cure amounts listed in <u>Section 6.1</u> must file and serve an objection thereto by no later than the deadline set by the Bankruptcy Court for filing objections to the Plan.  Failure to file and serve a timely objection shall be deemed consent to the cure amounts listed in <u>Section 6.1</u>.

7.  <u>Plan Distributions</u>.  The Reorganized Debtor shall make all payments required under the Plan to creditors itself and directly.

8.  <u>Compensation of Subchapter V Trustee</u>.  The Subchapter V Trustee shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan pursuant to and consistent with § 330(a)(1) of the Code.

9.  <u>Default Under Plan; Remedies</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as the Debtor is not in Material Default (as hereinafter defined) under the Plan.  In the event the Debtor fails to timely perform any of the obligations set forth in the Plan from and after the Effective Date, the applicable creditor or party-in-interest shall provide written notice thereof to <u>both</u> of the following:  the Debtor via email (c/o Paul Thomas:  pthomaswsh@gmail.com), *and* the Debtor's counsel via email (Matthew Zirzow: mzirzow@lzlawnv.com), of the default in writing in accordance with the notice provisions herein.  Failure to notify both such persons jointly ad timely shall not constitute a proper notice of default and such notice shall be null, void and without effect.  If the Debtor fails, within fifteen (15) calendar days after the date of the email of the proper notice of default, either: (i) to cure the default; (ii) to obtain from the Bankruptcy Court an extension of time to cure the default, which shall be given for good cause shown if the cure reasonably requires more than fifteen (15) days to cure and the Debtor initiates reasonable steps to begin such cure and completes all reasonable and necessary steps to cure sufficient to produce compliance as soon as reasonably practical; or (iii) to obtain from the Bankruptcy Court a determination that no default occurred, then Debtor is in "<u>Material Default</u>" under the Plan to all the members of the affected Class.  If the Debtor fails to timely cure the default as provided above, the applicable creditor shall be free to pursue any and all rights and remedies it may have under the contract(s) between the parties and/or applicable law, as modified by this Plan, and without further action by or proceedings before the Bankruptcy Court.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to chapter 7; or (ii) without further order of the Court has relief from automatic stay to the extent necessary, and may pursue its lawful remedies to enforce and collect the obligations owing to it under the Plan.

10.  <u>Post-Confirmation Quarterly Reports</u>.  From and after the Effective Date, the Debtor shall file post-confirmation quarterly operating reports until the case is closed consistent with the *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession* for Region 17.

11.  <u>Local Rule 3022 Inapplicable</u>.  Local Rule 3022 shall not apply to this Debtor or this Plan, and thus this Chapter 11 Case will not be deemed fully administered 180 days after Plan confirmation pursuant to that Local Rule.

12.  <u>Retained Litigation Claims</u>.  The Debtor shall retain any and all claims and causes of actions it has or could assert against any party, including but not limited to any and all claims or causes of action set forth in its filed bankruptcy schedules and statement of financial affairs, as may hereinafter be amended or supplemented, as well as any and all claims for the avoidance and recovery of alleged chapter 5 causes of action, including without limitation, against Mr. Leventhal.

13.  <u>Subchapter V Order</u>.  The deadlines in the *Court's Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election Under 11 U.S.C. § 1111(b)(2); and (D) Other Deadlines* are incorporated herein by reference as though fully set forth herein.

Debtor  **GATA HF, LLC**                                                Case number (if known) **21-14989-nmc**
         _____
                        Name

14. <u>Discharge if Plan Confirmed Per 1191(b)</u>.  If the Plan is confirmed pursuant to section 1191(b) of the Code, then after completing all required payments under the Plan, the Debtor may seek a discharge pursuant to § 1192 of the Code by filing a motion with the Bankruptcy Court that is noticed for hearing and served on all creditors and parties in interest, with an opportunity to object, together with a declaration certifying that all payments required under the Plan have been made.  The satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date under the Plan shall fully release and discharge all mortgages, deeds of trust, liens, pledges, or other security interests against any property of the estate, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, liens, pledges, or other security interests shall revert to the reorganized Debtor and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtor.

15. <u>Vesting of Assets</u>.  Upon the Effective Date, pursuant to sections 1141(b) and (c) of the Code, all assets and property of the Debtor shall vest in the reorganized Debtor, free and clear of all claims, liens, charges, and other interests, except as otherwise preserved herein. The Reorganized Debtor may operate its business and use, acquire, and dispose of property free of any restrictions of the Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Code, except as otherwise provided herein.

16. <u>Governing Law</u>.  Except to the extent that the Code or other federal law is applicable or as provided in the Plan, the rights, duties and obligations of the Debtor and any other person arising under the Plan shall be governed by Nevada law.

17. <u>Entire Agreement</u>.  The Plan, as described herein, and exhibits hereto, set forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents.  No party hereto shall be bound by any terms, conditions, definitions, understandings or representations with respect to the subject matter hereof, other than as in expressly provided for herein or as may hereafter be agreed by the parties in writing.

Respectfully submitted,

**X** */s/ Paul Thomas*
_____
As Manager of GATA IV LLC,
as Manager of GATA HF, LLC
E-mail:  pthomaswsh@gmail.com

**X** */s/ Matthew C. Zirzow*
_____
LARSON & ZIRZOW, LLC
MATTHEW C. ZIRZOW, ESQ., NV# 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Attorneys for Debtor

## **EXHIBITS**

1. Historical Financial Statements

2. Liquidation Analysis

3. Plan Projections

4. Proposed Settlement Stipulation with Judah Zakalik

# EXHIBIT 1

Page 1

**Pahrump Farm**
**Balance Sheet As at 12/31/2020**

**ASSET**

| | | |
|---|---|---|
| **Capital Assets** | | |
| Leasehold Improvements | | 23,890.97 |
| Equipment | 90,393.98 | |
| Grow Equipment | 86,116.67 | |
| Security Equipment | 9,971.60 | |
| Net - Furniture & Equipment | | 186,482.25 |
| Land | | 1,174,815.00 |
| **Total Capital Assets** | | 1,385,188.22 |
| | | |
| **TOTAL ASSET** | | 1,385,188.22 |

**LIABILITY**

| | | |
|---|---|---|
| **Current Liabilities** | | |
| Accounts Payable | | 20,365.00 |
| Mortgage Payable | | 1,500,000.00 |
| Edlin Kim Loan | 205,000.00 | |
| Joe Casper Loan | 312,921.18 | |
| Total Unsecured Loans | | 517,921.18 |
| **Total Current Liabilities** | | 2,038,286.18 |
| | | |
| **Long Term Liabilities** | | |
| Loan from Member - Paul Thomas | 84,073.50 | |
| Loans from Members | | 84,073.50 |
| **Total Long Term Liabilities** | | 84,073.50 |
| | | |
| **TOTAL LIABILITY** | | 2,122,359.68 |

**EQUITY**

| | | |
|---|---|---|
| **Retained Earnings** | | |
| Retained Earnings - Previous Year | | -741,257.52 |
| Current Earnings | | 4,086.06 |
| **Total Retained Earnings** | | -737,171.46 |
| | | |
| **TOTAL EQUITY** | | -737,171.46 |
| | | |
| **LIABILITIES AND EQUITY** | | 1,385,188.22 |

**Pahrump Farm**
**Income Statement 01/01/2020 to 12/31/2020**

**REVENUE**

**Sales Revenue**

| | |
|---|---:|
| Revenue - Product | 922,500.00 |
| **Net Sales** | 922,500.00 |

**Other Revenue**

| | |
|---|---:|
| Revenue - Lease | 20,000.00 |
| **Total Other Revenue** | 20,000.00 |

| | |
|---|---:|
| **TOTAL REVENUE** | 942,500.00 |

**EXPENSE**

**Cost of Goods Sold**

| | |
|---|---:|
| Grow Bags | 55.94 |
| Nutrients | 3,701.90 |
| Packaging | 2,234.73 |
| Soil | 4,358.89 |
| Grow Supplies Other | 17,470.28 |
| Subcontracts | 277,319.75 |
| **Total Cost of Goods Sold** | 305,141.49 |

**General & Administrative Expenses**

| | |
|---|---:|
| Accounting & Legal | 5,446.83 |
| Advertising & Promotions | 100.00 |
| Business Fees & Licenses | 19,191.55 |
| Commissions | 30,000.00 |
| Lender Fees | 273,965.18 |
| Insurance | 8,432.81 |
| Mortgage Interest | 227,316.67 |
| Supplies | 10,102.50 |
| Security | 470.19 |
| Property Taxes | 7,031.68 |
| Motor Vehicle Expenses | 214.55 |
| Rent | 335.47 |
| Repair & Maintenance | 8,005.71 |
| Telephone & Internet | 3,826.34 |
| Travel | 1,880.58 |
| Utilities | 36,952.39 |
| **Total General & Admin. Expenses** | 633,272.45 |

| | |
|---|---:|
| **TOTAL EXPENSE** | 938,413.94 |

| | |
|---|---:|
| **NET INCOME** | 4,086.06 |

**Pahrump Farm**
**Balance Sheet As at 09/30/2021**

ASSET

**Capital Assets**
| | | |
|---|---|---|
| Leasehold Improvements | | 23,890.97 |
| Equipment | 90,393.98 | |
| Grow Equipment | 86,116.67 | |
| Security Equipment | 9,971.60 | |
| Net - Furniture & Equipment | | 186,482.25 |
| Land | | 1,174,815.00 |
| **Total Capital Assets** | | 1,385,188.22 |

| | | |
|---|---|---|
| **TOTAL ASSET** | | 1,385,188.22 |

LIABILITY

**Current Liabilities**
| | | |
|---|---|---|
| Accounts Payable | | 25,615.00 |
| Mortgage Payable | | 2,073,800.00 |
| Edlin Kim Loan | 205,000.00 | |
| Joe Casper Loan | 312,921.18 | |
| Total Unsecured Loans | | 517,921.18 |
| **Total Current Liabilities** | | 2,617,336.18 |

**Long Term Liabilities**
| | | |
|---|---|---|
| Loan from Member - Paul Thomas | 78,672.44 | |
| Loans from Members | | 78,672.44 |
| **Total Long Term Liabilities** | | 78,672.44 |

| | | |
|---|---|---|
| **TOTAL LIABILITY** | | 2,696,008.62 |

EQUITY

**Retained Earnings**
| | | |
|---|---|---|
| Retained Earnings - Previous Year | | -737,171.46 |
| Current Earnings | | -573,648.94 |
| **Total Retained Earnings** | | -1,310,820.40 |

| | | |
|---|---|---|
| **TOTAL EQUITY** | | -1,310,820.40 |

| | | |
|---|---|---|
| **LIABILITIES AND EQUITY** | | 1,385,188.22 |

## Pahrump Farm
## Income Statement 01/01/2021 to 09/30/2021

**REVENUE**

**Other Revenue**
| | |
|---|---:|
| Revenue - Lease | 90,000.00 |
| **Total Other Revenue** | 90,000.00 |

| | |
|---|---:|
| **TOTAL REVENUE** | 90,000.00 |

**EXPENSE**

**Cost of Goods Sold**
| | |
|---|---:|
| Grow Supplies Other | 1,088.62 |
| Subcontracts | 50,854.25 |
| **Total Cost of Goods Sold** | 51,942.87 |

**General & Administrative Expenses**
| | |
|---|---:|
| Accounting & Legal | 8,250.00 |
| Business Fees & Licenses | 865.84 |
| Insurance | 5,328.00 |
| Mortgage Interest | 573,800.00 |
| Supplies | 179.41 |
| Repair & Maintenance | 3,958.00 |
| Telephone & Internet | 1,755.02 |
| Travel | 2,789.00 |
| Utilities | 14,780.80 |
| **Total General & Admin. Expenses** | 611,706.07 |

| | |
|---|---:|
| **TOTAL EXPENSE** | 663,648.94 |

| | |
|---|---:|
| **NET INCOME** | -573,648.94 |

# EXHIBIT 2

## LIQUIDATION ANALYSIS - GATA HF LLC

**ASSETS**

| Description | Market Value | Secured Claims | Net Equity | Equity Cushion |
|---|---|---|---|---|
| Real Property | $3,515,000 | $2,025,057 | $1,489,943 | 42.39% |
| Equipment | $40,000 | $0 | $40,000 | 100.00% |
| **Total Assets:** | **$3,555,000** | **$2,025,057** | **$1,529,943** | |

**PAYMENT OF CLAIMS**

| Type of Claim | Recovery Amount Under Plan | Recovery % Under Plan | Recovery Amount in Liquidation | Recovery % in Liquidation |
|---|---|---|---|---|
| **Secured Claims** | | | | |
| Class 2 - NV Capital Lenders | $2,025,057 | 100.00% | $2,025,057 | 100.00% |
| Class 3 - Other Secured Claims | N/A | N/A | N/A | N/A |
| **Total Secured Claims** | **$2,025,057** | **N/A** | **$2,025,057** | **100.00%** |
| **Administrative Claims** | | | | |
| Theoretical Chapter 7 Trustee 326 Commission | N/A | N/A | $4,000 | 100.00% |
| Theoretical Chapter 7 Professional Fees & Expenses | N/A | N/A | $16,000 | 100.00% |
| Chapter 11 Professional Fees & Expenses | $40,000 | 100.00% | $20,000 | 50.00% |
| **Total Administrative Claims** | **$40,000** | **100.00%** | **$40,000** | |
| **Priority Claims** | | | | |
| Priority Tax Claims (Unclassified) | $8,188 | 100.00% | $8,188 | 100.00% |
| Class 1 - Priority Non-Tax Claims | $0 | 0.00% | 0.00% | 0.00% |
| **General Unsecured Claims** | | | | |
| Class 4 - General Unsecured Non-Priority Claims | $1,100,000 | 4.55% | $0.00 | 0.00% |
| **Equity** | | | | |
| Class 5 - Equity | Retained | N/A | Retained | N/A |

**Notes to Liquidation Analysis**

For purposes of this chapter 7 liquidation analysis, it is assumed hypothetically that the Plan could not ultimately be confirmed at a confirmation hearing held on April 20, 2022, and on that same date (the "Conversion Date"), the Debtor's case was converted to a liquidation under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").  In connection with the hypothetical commencement of the Chapter 7 Case, it is assumed that on or about the Conversion Date, a chapter 7 trustee is appointed to, among other things, manage the liquidation process, complete a claims analysis, defend against causes of action and/or claims asserted against the Debtor, and distribute liquidation proceeds and other assets ultimately realized in accordance with the priorities in the Bankruptcy Code.

1.    Real Property Valuation.  Regarding the valuation of the Debtor's Property, the Debtor has a written appraisal report of the Property, with an effective date of the "as is" market value of January 20, 2020, of $3,515,000 for the fee simple estate, inclusive of $300,000 in value for the 30-acre feet of water rights associated with it.  The Debtor is obtaining an update of this appraisal report.

2.    NV Capital Secured Claim Amounts.  Amounts are taken from the filed proofs of claim of the NV Capital Lenders only, and do not include any claims of Mr. Leventhal or Mr. Zakalik because their claims are subject to avoidance and/or disallowance as described in the Plan.

3.    Equipment/Personal Property Valuation.  The Debtor's filed bankruptcy schedules list various used equipment associated with the grow operation of the Property, but at a cost basis, and thus this valuation is reduced to more accurately reflect a fair liquidation value of it.  No creditor or party in interest has filed a UCC-1 financing statement to perfect any interest in the Debtor's personal property.

4.    Chapter 7 Trustee Commission.  The Chapter 7 trustee's hypothetical commission in the Chapter 7 Case pursuant to section 326 of the Bankruptcy Code based on presumed total assets to distribute equal to the total liquidation value.  This estimated amount is low because it is assumed that the Debtor's Property, which encompasses the great majority of its assets, is encumbered by the secured claims of the NV Capital Lenders.  Administrative claims incurred during the Chapter 7 Case have priority over any administrative claims of the professionals in the Chapter 11 Case pursuant to section 726(b) of the Bankruptcy Code.

5.    Chapter 7 Trustee Professionals.  The Chapter 7 trustee's hypothetical counsel's projected fees and costs estimated at approximately 3% of total liquidation value of assets to be distributed in a hypothetical chapter 7 liquidation.  This estimated amount is low because it is assumed that nearly all of the Debtor's assets are encumbered by secured claims.  Such administrative claims incurred during the Chapter 7 Case have priority over any administrative claims of the professionals in the Chapter 11 Case pursuant to section 726(b) of the Bankruptcy Code.

6.    Chapter 11 Professional Fees and Costs.  The projected fees and costs of the Debtor's chapter 11 professionals incurred from the Petition Date though the Conversion Date, including without limitation, Larson & Zirzow, LLC as general reorganization counsel, and Brian D. Shapiro as Subchapter V Trustee, but less any security retainer on hand by Debtor's counsel.

7.    Class 1:  Priority Tax Claims.  The Debtor believes that it may owe the Nye County Treasurer for real property taxes in the amount of $8,188 as of the date of the filing of this Plan.  The Debtor asserts that any portion of any priority claims asserting penalties are not properly claimed as priority.  The Debtor reserves the right to the allowance of this and any and all other claims in the bankruptcy case.

8.      <u>Liquidation Values for Assets</u>.  Regarding the recovery amounts in liquidation for the lenders secured in the Debtor's assets, the Debtor assumes a 5% discount attributable to costs of sale, whether foreclosure fees or broker commissions for the sale, as well as other closing costs.

9.      <u>Class 3 – Other Secured Claims</u>.  The Debtor believes it does not and will not have any Allowed secured claims in this class, and thus that it will be vacant and thus deemed eliminated under the Plan.  For the avoidance of doubt, any secured claims of Mr. Leventhal and Mr. Zakalik are disputed in the Debtor's filed bankruptcy schedules, no timely proofs of claim have been filed with respect thereto, and any liens of such parties are subject to avoidance pursuant to various provisions of Chapter 5 of the Bankruptcy Code, and thus are not included in this class, and instead included within Class 4 – Non-Priority General Unsecured Claims.

10.     <u>Class 4 - General Unsecured Non-Priority Claims</u>.  Includes all allowed general unsecured non-priority claims in the total estimated amount of $1,100,000 per the Debtor's filed bankruptcy schedules, as may be amended from time to time, divided by the projected distribution of $50,000 per the Plan to this Class, which results in a projected percentage distribution to this class of 4.55% of the potential allowed claims in this class.  This percentage of projected distribution could change depending on the final allowance of claims in this class.

11.     <u>No Admissions/Reservation of Rights</u>.  Nothing in the Plan, the Plan Projections or this Liquidation Analysis is an admission as to the validity, priority or extent of any claim, and the Debtor reserves the right to bring, as necessary, any motions to value collateral, to bifurcate claims into their applicable secured and unsecured parts, as applicable, and to object to any filed proofs of claim, including for any and all reasons as may be available pursuant to section 502(b)(1) of the Bankruptcy Code, and including but not limited to that the proofs of claim are asserted for incorrect amounts.

# EXHIBIT 3

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month / Calendar Month | 1 Apr-22 | 2 May-22 | 3 Jun-22 | 4 Jul-22 | 5 Aug-22 | 6 Sep-22 | 7 Oct-22 | 8 Nov-22 | 9 Dec-22 | 10 Jan-23 | 11 Feb-23 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | |
| Owner Contribution | $30,000 | $55,000 | $65,000 | $35,000 | | | $30,000 | | | | |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Flower | | | | $12,500 | | | $25,000 | | | | |
| Extract | | | | | $85,000 | | | $175,000 | | | |
| Isolate | | | | | | | | | $500,000 | | |
| **Total** | **$45,000** | **$70,000** | **$80,000** | **$62,500** | **$100,000** | **$15,000** | **$70,000** | **$190,000** | **$515,000** | **$15,000** | **$15,000** |
| | | | | | | | | | | | |
| **EXPENSES** | | | | | | | | | | | |
| Insurance | | $6,000 | | | $6,000 | | | $6,000 | | | $6,000 |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll | $9,360 | $15,600 | $31,200 | $31,200 | $31,200 | $37,440 | $37,440 | $37,440 | $31,200 | $31,200 | $31,200 |
| Taxes - Payroll | $749 | $1,248 | $2,496 | $2,496 | $2,496 | $2,995 | $2,995 | $2,995 | $2,496 | $2,496 | $2,496 |
| Taxes - Property | $1,262 | | | | | $1,262 | | $1,262 | | | $1,262 |
| Repay Owner Contribution | | | | | | | | $100,000 | $115,000 | | |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 |
| Grow Materials | $8,000 | $5,000 | $5,000 | $15,000 | $5,000 | $5,000 | $5,000 | $5,000 | $8,000 | $5,000 | $5,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,000 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| **Total Expenses** | **$28,821** | **$37,298** | **$48,146** | **$58,146** | **$54,146** | **$56,947** | **$54,885** | **$162,147** | **$166,146** | **$48,146** | **$55,408** |
| | | | | | | | | | | | |
| **Net Amount Available for Plan** | **$16,179** | **$32,702** | **$31,854** | **$4,354** | **$45,854** | **-$41,947** | **$15,115** | **$27,853** | **$348,854** | **-$33,146** | **-$40,408** |
| | | | | | | | | | | | |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Priority Tax Claims | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 |
| Administrative Claims | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 |
| 3 - Other Secured Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total (Prior to Class 4)** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** | **$25,400** |
| | | | | | | | | | | | |
| Disposable Income (Monthly) | | $7,302 | $6,454 | -$21,046 | $20,454 | -$67,347 | -$10,285 | $2,453 | $323,454 | -$58,546 | -$65,808 |
| 4 - Gen. Unsecured Creditors | | | | | | | | | | | |
| Running Balance of Available Cash ($25,000 Est. Starting Bank Balance) | $70,000 | $77,302 | $83,756 | $62,710 | $83,164 | $15,817 | $5,532 | $7,984 | $331,438 | $272,892 | $207,084 |

1

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month<br>Calendar Month | 12<br>Mar-23 | 13<br>Apr-23 | 14<br>May-23 | 15<br>Jun-23 | 16<br>Jul-23 | 17<br>Aug-23 | 18<br>Sep-23 | 19<br>Oct-23 | 20<br>Nov-23 | 21<br>Dec-23 | 22<br>Jan-24 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | |
| Owner Contribution | | | | | | | | | | | |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Flower | $25,000 | | | | $25,000 | | | | | | |
| Extract | | $175,000 | | | | $175,000 | | | | | |
| Isolate | | | | | | | | | | $500,000 | |
| **Total** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$15,000** | **$515,000** | **$15,000** |
| **EXPENSES** | | | | | | | | | | | |
| Insurance | | | $6,000 | | | $6,000 | | | $6,000 | | |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $37,440 | $37,440 | $37,440 | $31,200 | $31,200 |
| Taxes - Payroll | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,995 | $2,995 | $2,995 | $2,496 | $2,496 |
| Taxes - Property | | $1,262 | | | | | $1,262 | | $1,262 | | |
| Repay Owner Contribution | | | | | | | | | | | |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 |
| Grow Materials | $5,000 | $8,000 | $5,000 | $5,000 | $15,000 | $5,000 | $5,000 | $5,000 | $5,000 | $8,000 | $5,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,000 | $1,200 | $1,200 | $1,200 | $1,200 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| **Total Expenses** | **$48,146** | **$52,408** | **$54,146** | **$48,146** | **$58,146** | **$54,146** | **$56,947** | **$54,885** | **$62,147** | **$51,146** | **$48,146** |
| **Net Amount Available for Plan** | **-$8,146** | **$137,592** | **-$39,146** | **-$33,146** | **-$18,146** | **$135,854** | **-$41,947** | **-$39,885** | **-$47,147** | **$463,854** | **-$33,146** |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Priority Tax Claims | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 | $400 |
| Administrative Claims | | | | | | | | | | | |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $20,000 | $20,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 3 - Other Secured Claims | $0 | $0 | $30,000 | $30,000 | $30,000 | $30,000 | $30,000 | $30,000 | $30,000 | $30,000 | $30,000 |
| **Total (Prior to Class 4)** | **$20,400** | **$20,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** | **$30,400** |
| Disposable Income (Monthly) | -$28,546 | $117,192 | -$69,546 | -$63,546 | -$48,546 | $105,454 | -$72,347 | -$70,285 | -$77,547 | $433,454 | -$63,546 |
| 4 - Gen. Unsecured Creditors | $10,000 | | | | | | | | | | |
| Running Balance of Available Cash ($25,000 Est. Starting Bank | $168,538 | $285,730 | $216,184 | $152,638 | $104,092 | $209,546 | $137,199 | $66,914 | -$10,633 | $422,821 | $359,275 |

2

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month<br>Calendar Month | 23<br>Feb-24 | 24<br>Mar-24 | 25<br>Apr-24 | 26<br>May-24 | 27<br>Jun-24 | 28<br>Jul-24 | 29<br>Aug-24 | 30<br>Sep-24 | 31<br>Oct-24 | 32<br>Nov-24 | 33<br>Dec-24 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | |
| Owner Contribution | | | | | | | | | | | |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Flower | | $25,000 | $175,000 | | | $25,000 | | | | | |
| Extract | | | | | | | $175,000 | | | | |
| Isolate | | | | | | | | | | | $500,000 |
| **Total** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$15,000** | **$515,000** |
| **EXPENSES** | | | | | | | | | | | |
| Insurance | $6,000 | | | $6,000 | | | $6,000 | | | $6,000 | |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $37,440 | $37,440 | $37,440 | $31,200 |
| Taxes - Payroll | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,995 | $2,995 | $2,995 | $2,496 |
| Taxes - Property | $1,262 | | $1,262 | | | | | $1,262 | | $1,262 | |
| Repay Owner Contribution | | | | | | | | | | | |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 |
| Grow Materials | $5,000 | $5,000 | $8,000 | $5,000 | $5,000 | $15,000 | $5,000 | $5,000 | $5,000 | $5,000 | $8,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $2,000 | $1,500 | $1,500 | $1,500 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,000 | $1,200 | $1,200 | $1,200 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| **Total Expenses** | **$55,408** | **$48,146** | **$52,408** | **$54,146** | **$48,146** | **$58,146** | **$54,146** | **$56,947** | **$54,885** | **$62,147** | **$51,146** |
| **Net Amount Available for Plan** | **-$40,408** | **-$8,146** | **$137,592** | **-$39,146** | **-$33,146** | **-$18,146** | **$135,854** | **-$41,947** | **-$39,885** | **-$47,147** | **$463,854** |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Priority Tax Claims | $400 | $400 | $400 | $400 | $400 | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $30,000 | $30,000 | $30,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 |
| 3 - Other Secured Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total (Prior to Class 4)** | **$30,400** | **$30,400** | **$30,400** | **$40,400** | **$40,400** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** |
| Disposable Income (Monthly) | -$70,808 | -$38,546 | $107,192 | -$79,546 | -$73,546 | -$58,146 | $95,854 | -$81,947 | -$79,885 | -$87,147 | $423,854 |
| 4 - Gen. Unsecured Creditors | | $10,000 | | | | | | | | | |
| Running Balance of Available<br>Cash ($25,000 Est. Starting Bank | $288,467 | $239,921 | $347,113 | $267,567 | $194,021 | $135,875 | $231,729 | $149,782 | $69,896 | -$17,251 | $406,603 |

3

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Calendar Month | Jan-25 | Feb-25 | Mar-25 | Apr-25 | May-25 | Jun-25 | Jul-25 | Aug-25 | Sep-25 | Oct-25 | Nov-25 |
| **REVENUE** | | | | | | | | | | | |
| Owner Contribution | | | | | | | | | | | |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Flower | | | $25,000 | | | | $25,000 | | | | |
| Extract | | | | $175,000 | | | | $175,000 | | | |
| Isolate | | | | | | | | | | | |
| **Total** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$15,000** |
| **EXPENSES** | | | | | | | | | | | |
| Insurance | | $6,000 | | | $4,890 | | | $6,000 | | | $6,000 |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $37,440 | $37,440 | $37,440 |
| Taxes - Payroll | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,995 | $2,995 | $2,995 |
| Taxes - Property | | $1,262 | | $1,262 | | | | | $1,262 | | $1,262 |
| Repay Owner Contribution | | | | | | | | | | | |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 |
| Grow Materials | $5,000 | $5,000 | $5,000 | $8,000 | $5,000 | $5,000 | $15,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,000 | $1,200 | $1,200 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| **Total Expenses** | **$48,146** | **$55,408** | **$48,146** | **$52,408** | **$53,036** | **$48,146** | **$58,146** | **$54,146** | **$56,947** | **$54,885** | **$62,147** |
| **Net Amount Available for Plan** | **-$33,146** | **-$40,408** | **-$8,146** | **$137,592** | **-$38,036** | **-$33,146** | **-$18,146** | **$135,854** | **-$41,947** | **-$39,885** | **-$47,147** |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Priority Tax Claims | | | | | | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $0 |
| 3 - Other Secured Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total (Prior to Class 4)** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$0** |
| Disposable Income (Monthly) | -$73,146 | -$80,408 | -$48,146 | $97,592 | -$78,036 | -$73,146 | -$58,146 | $95,854 | -$81,947 | -$79,885 | -$47,147 |
| 4 - Gen. Unsecured Creditors | | | $10,000 | | | | | | | | |
| Running Balance of Available Cash ($25,000 Est. Starting Bank | $333,457 | $253,049 | $194,903 | $292,495 | $214,459 | $141,313 | $83,167 | $179,021 | $97,074 | $17,189 | -$29,958 |

4

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month / Calendar Month | 45 Dec-25 | 46 Jan-26 | 47 Feb-26 | 48 Mar-26 | 49 Apr-26 | 50 May-26 | 51 Jun-26 | 52 Jul-26 | 53 Aug-26 | 54 Sep-26 | 55 Oct-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | |
| Owner Contribution | | | | | | | | | | | |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Flower | | | | $25,000 | | | | $25,000 | | | |
| Extract | | | | | $175,000 | | | | $175,000 | | |
| Isolate | $500,000 | | | | | | | | | | |
| **Total** | **$515,000** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** | **$40,000** | **$190,000** | **$15,000** | **$15,000** |
| **EXPENSES** | | | | | | | | | | | |
| Insurance | | | $6,000 | | | $6,000 | | | $6,000 | | |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $31,200 | $37,440 | $37,440 |
| Taxes - Payroll | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,496 | $2,995 | $2,995 |
| Taxes - Property | | | $1,262 | | $1,262 | | | | | $1,262 | |
| Repay Owner Contribution | | | | | | | | | | | |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 |
| Grow Materials | $8,000 | $5,000 | $5,000 | $5,000 | $8,000 | $5,000 | $5,000 | $15,000 | $5,000 | $5,000 | $5,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,000 | $1,200 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 |
| **Total Expenses** | **$51,146** | **$48,146** | **$55,408** | **$48,146** | **$52,408** | **$54,146** | **$48,146** | **$58,146** | **$54,146** | **$56,947** | **$54,885** |
| **Net Amount Available for Plan** | **$463,854** | **-$33,146** | **-$40,408** | **-$8,146** | **$137,592** | **-$39,146** | **-$33,146** | **-$18,146** | **$135,854** | **-$41,947** | **-$39,885** |
| **PLAN PAYMENTS** | | | | | | | | | | | |
| Priority Tax Claims | | | | | | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $80,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $40,000 | $0 |
| 3 - Other Secured Claims | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total (Prior to Class 4)** | **$80,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$40,000** | **$0** |
| **Disposable Income (Monthly)** | **$383,854** | **-$73,146** | **-$80,408** | **-$48,146** | **$97,592** | **-$79,146** | **-$73,146** | **-$58,146** | **$95,854** | **-$81,947** | **-$39,885** |
| 4 - Gen. Unsecured Creditors | | | | $10,000 | | | | | | | |
| Running Balance of Available Cash ($25,000 Est. Starting Bank | $353,896 | $280,750 | $200,342 | $142,196 | $239,788 | $160,642 | $87,496 | $29,350 | $125,204 | $43,256 | $3,371 |

5

## GATA HF, LLC - PLAN PROJECTIONS

| Plan Month<br>Calendar Month | 56<br>Nov-26 | 57<br>Dec-26 | 58<br>Jan-26 | 59<br>Feb-26 | 60<br>Mar-26 | Total |
|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | |
| Owner Contribution | | | | | | $215,000 |
| Rent | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $900,000 |
| Flower | | | | | | $237,500 |
| Extract | | $500,000 | | | | $1,660,000 |
| Isolate | | | | | | $2,500,000 |
| **Total** | **$15,000** | **$515,000** | **$15,000** | **$15,000** | **$15,000** | **$5,512,500** |
| **EXPENSES** | | | | | | |
| Insurance | $6,000 | | | $6,000 | | $118,890 |
| Electric | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $210,000 |
| Payroll | $37,440 | $31,200 | $31,200 | $31,200 | $31,200 | $1,928,160 |
| Taxes - Payroll | $2,995 | $2,496 | $2,496 | $2,496 | $2,496 | $154,253 |
| Taxes - Property | $1,262 | | | $1,262 | | $25,240 |
| Repay Owner Contribution | | | | | | $215,000 |
| Misc. - Trash, Cable & Security | $1,250 | $1,250 | $1,250 | $1,250 | $1,250 | $75,000 |
| Grow Materials | $5,000 | $8,000 | $5,000 | $5,000 | $5,000 | $380,000 |
| Repair & Maintenance | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $90,000 |
| Accounting, Legal & License | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $76,000 |
| Contingency Reserve | $2,000 | $2,000 | $2,000 | $2,000 | $2,000 | $120,000 |
| **Total Expenses** | **$62,147** | **$51,146** | **$48,146** | **$55,408** | **$48,146** | **$3,392,543** |
| **Net Amount Available for Plan** | **-$47,147** | **$463,854** | **-$33,146** | **-$40,408** | **-$33,146** | **$2,119,957** |
| **PLAN PAYMENTS** | | | | | | |
| Priority Tax Claims | | | | | | $10,400 |
| Administrative Claims | | | | | | $50,000 |
| 1 - Priority Non-Tax Claims | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 - NV Capital Lenders | $0 | $80,000 | $80,000 | $80,000 | Balloon | $2,000,000 + Balloon |
| 3 - Other Secured Claims | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total (Prior to Class 4)** | **$0** | **$80,000** | **$80,000** | **$80,000** | **Balloon** | **$2,060,400** |
| **Disposable Income (Monthly)** | **-$47,147** | **$383,854** | **-$113,146** | **-$120,408** | **-$33,146** | **$43,378** |
| 4 - Gen. Unsecured Creditors | | $10,000 | $10,000 | $10,000 | $10,000 | $50,000 |
| **Running Balance of Available<br>Cash ($25,000 Est. Starting Bank)** | -$43,776 | $340,078 | $226,932 | $106,524 | $63,378 | |

# EXHIBIT 4

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Plaintiff

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

GATA HF, LLC,

               Debtor.

Case No. 21-14989-nmc
Chapter 11

## <u>STIPULATION BETWEEN THE DEBTOR AND JUDAH ZAKALIK</u>

GATA HF, LLC, a Nevada limited liability company, as debtor and debtor in possession (the "<u>Debtor</u>"), and creditor Judah Zakalik ("<u>Mr. Zakalik</u>"), hereby STIPULATE and AGREE (the "<u>Stipulation</u>") as follows:

## <u>Recitals</u>

1.      The Debtor owns a thirty (30) acre parcel of land commonly known as 9381 S. Homestead Road, Pahrump, Nye County, Nevada, APN 045-411-003, as well as 30-acre feet of associated water rights (the "<u>Property</u>"). The Debtor's manager is GATA IV, LLC, a Nevada limited liability company, and Paul Thomas ("<u>Mr. Thomas</u>") is a member of both of these entities.

2.      Mr. Zakalik is an individual who resides in the State of Nevada, County of Clark.

3.      On or about December 18, 2020, the Debtor, as one of the borrowers, entered into a promissory note (the "<u>Note</u>") with Mr. Zakalik, as lender, in the original principal sum of $200,000. The Note provides that it is secured by the Debtor's Property, as well as other real

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

property owned by Mr. Thomas, located in Las Vegas, Nevada.  Mr. Zakalik did, in fact, advance funds to or for the benefit of the Debtor, as memorialized by the Note, in or about December 2020.

4.      On August 26, 2021, which was more than eight (8) months after the Note was executed and the funds loaned, Mr. Zakalik recorded a copy of the Note against the Property in the Official Records of the Nye County Recorder as Document No. 963189.  Mr. Zakalik's recordation of his Note resulted in his claim being a secured, but unperfected creditor, to a secured and perfected creditor (the "Transfer").

5.      On October 20, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada, thereby commencing the above-referenced bankruptcy case (the "Chapter 11 Case").

6.      After reviewing the Debtor's records and communicating with Mr. Zakalik, including evaluating the likelihood of potential defenses pursuant to 11 U.S.C. § 547(c), the Debtor demanded that Mr. Zakalik return the applicable Transfer by agreeing to avoid his lien in and to the Property because the Debtor asserted it was an avoidable preference pursuant to 11 U.S.C. § 547, and to the extent necessary, recoverable pursuant to s11 U.S.C. § 550.  The parties thereafter had discussions in good faith and at arm's length, which ultimately resulted in this Stipulation.

7.      The Debtor asserts that it has a deadline to file a proposed plan of reorganization (the "Plan") in its Chapter 11 Case of January 18, 2022, and that it will be filing a Plan by such date, and that this Stipulation will be incorporated into such Plan as an exhibit by reference and without change.  The Plan's definition of its "Effective Date" is incorporated herein by reference.

**Agreement**

8.      Avoidance of Lien or Interest in the Debtor's Property.  Mr. Zakalik's Note recorded against the Property and thus any lien or security interest therein is avoided and reconveyed effective as of the Effective Date of the Debtor's Plan.  The parties shall use commercially reasonable best efforts to cooperate to effectuate the removal of this lien and

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

reconveyance, including executing any other documents as may be necessary to accomplish that task or otherwise carry out the intent and purpose of this Stipulation, provided that any fees and costs for recording any such documents shall be borne exclusively by the Debtor.

9.      Allowance of Claim.  Mr. Zakalik shall have an allowed general unsecured claim in the Debtor's Chapter 11 Case in the principal amount of $200,000, plus $33,534.24 in interest, for a total allowed unsecured claim as of the Petition Date in the total sum amount of $233,534.24, which shall be classified and treated as such under the Debtor's Plan.

10.     Reservation of Rights.  Nothing in this Stipulation is intended or should be construed as altering or affecting any and all rights or remedies Mr. Zakalik may have, if any, against other parties other than the Debtor or its Property, including but not limited to Mr. Thomas, and/or any other property other than the Debtor's Property, and all such other rights and remedies are reserved and preserved in favor of Mr. Zakalik.

11.     Bankruptcy Court Approval.  This Stipulation shall be incorporated into any plan of reorganization the Debtor may file in its Chapter 11 Case pursuant to 11 U.S.C. §§ 1123(b), 1129(a)(2), and 1191, as applicable, and be approved as part of such Plan confirmation process pursuant to Fed. R. Bankr. P. 9019, and its enforceability is expressly subject to the Debtor's plan of reorganization being confirmed and the occurrence of the Plan's Effective Date.  In the event the Debtor's Plan is not confirmed and/or does not go effective for any reason, then this Stipulation shall be null, void and without effect, and shall not be admissible against either party and shall have no other evidentiary effect or otherwise be deemed as an admission against interest by either party.

12.     Standstill.  Pending approval of this Stipulation as part of confirmation proceedings on the Debtor's Plan, the parties hereto agree to standstill and not seek any litigation of the matters set forth herein.

. . .

. . .

. . .

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Dated:  January 18, 2022.

By: /s/ Matthew C. Zirzow

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

By: /s/ Judah Zakalik

JUDAH ZAKALIK, ESQ.
6173 S. Rainbow Blvd.
Las Vegas, Nevada 89118
E-mail:  jz@pandalawfirm.com

Counsel in *Pro Se*

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169