LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 21-14989-nmc<br>Chapter 11 |
| GATA HF, LLC, | |
| Debtor. | |
| GATA HF, LLC,<br>a Nevada limited liability company, | Adv. No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| DAVID LEVENTHAL, an individual, | |
| Defendant. | |

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Plaintiff, GATA HF, LLC, a Nevada limited liability company, as debtor and debtor in possession (the "Plaintiff" or the "Debtor"), complains and alleges as follows:

**Venue and Jurisdiction**

1.    On October 20, 2021 (the "Petition Date"), Debtor filed its voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada, thereby commencing the above-referenced bankruptcy case (the "Chapter 11 Case").

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3.      This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Pursuant to Fed. R. Bankr. P. 7008 and LR 7008, Plaintiff consents to the entry of final orders and judgments by the bankruptcy judge as to the claims pled in this Complaint in this adversary proceeding.

5.      Venue for Debtor's Chapter 11 Case and this adversary proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      An adversary proceeding is necessary in this matter for a proceeding to recover money or property pursuant to Fed. R. Bankr. P. 7001(1), as it involves the avoidance and recovery of certain transfers and/or obligations pursuant to 11 U.S.C. §§ 544, 548 and 550, and the disallowance of claims pursuant to 11 U.S.C. § 502(d).

## The Parties

7.      Plaintiff is a limited liability company organized and existing under the laws of the State of Nevada.  Plaintiff's manager is GATA IV, LLC, a Nevada limited liability company ("GATA IV"), and Paul Thomas ("Mr. Thomas") is the sole member of both of these entities.

8.      Defendant, David Leventhal (the "Defendant"), is an individual who is an attorney licensed to practice law in the State of California.  Defendant is currently associated with the Leventhal Law Firm, which operates at 18565 Soledad Canyon Rd. # 300, Canyon Country, California 91351.  Defendant's email addresses where he regularly receives correspondence are david@leventhallawfirm.com and leventhaldavid@gmail.com.  Upon information and belief, Defendant has practiced law in the past in the areas of litigation and bankruptcy law, among other matters.  Upon information and belief, Defendant maintains a mailbox/mailstop located at 4625 W. Nevso Drive, Suite 3, Las Vegas, Nevada 89103, and a residence located at 2260 Village Walk Drive, Unit 1204, Henderson, Nevada 89052.

## General Allegations

9.      Plaintiff owns a thirty (30) acre parcel of land commonly known as 9381 S. Homestead Road, Pahrump, Nye County, Nevada, APN 045-411-003, as well as 30-acre feet of

associated water rights (the "Property").  The Property is improved with two operating wells, a 5/8th mile horse race track that has 3,500 seats, a private chapel, a gazebo, a 19-horse stable with a 1,392 square foot, two bedroom/two living quarters on the second floor, and a meeting hall with public bathrooms.

10.    Plaintiff has used approximately ten (10) acres of the Property for cultivating and processing hemp for the production of cannabidiol oil.  Since October 2020, Plaintiff also has leased the barn facilities on the Property to a religious organization.

11.    On or about December 13, 2019, GATA III, LLC ("GATA III"), as borrower, and certain direct beneficiaries, as lenders, entered into a Promissory Note Secured by Deed of Trust as arranged by NV Capital Corporation, LLC ("NV Capital"), as broker, in the original principal amount of $1,500,000 (the "NV Capital Note").  All obligations under the NV Capital Note were secured with a Deed of Trust with Assignment of Rents recorded against the Property in the Official Records of the County Recorder, Nye County, Nevada as Document No. 922944 on December 20, 2019.  On January 3, 2020, GATA III deeded the Property to Plaintiff, and Plaintiff also assumed all of the obligations under the NV Capital Note pursuant to a Loan Assumption Agreement dated and recorded as of that same date.  The NV Capital Note was payable in monthly installments of interest-only payments of $18,125, commencing on February 1, 2020 and continuing on the first day of each and every calendar month until January 1, 2021, at which time the entire unpaid balance was due and payable.

12.    On or about October 14, 2019, Mr. Thomas, as borrower, entered into a promissory note (the "Leventhal Note") with Defendant, as lender, in the principal amount of $180,000.  The Leventhal Note required payments of accrued interest at the rate of 5% per annum but payable quarterly, and that the entire outstanding amount be repaid in two (2) years, and thus by October 14, 2021.  A true and correct copy of the Leventhal Note is attached as **Exhibit 1**.

13.    Mr. Thomas was the only borrower who signed the Leventhal Note in 2019, not Plaintiff.  In fact, at no time prior to May 2021 was Plaintiff ever obligated as a borrower or obligor on the Leventhal Note.

14.    On or about February 4, 2020, Mr. Thomas and Defendant entered into a Loan

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Modification Agreement (the "Loan Modification Agreement"), which provided for additional consideration in favor of Defendant in the form of shared appreciation in another entity owned by Mr. Thomas called ETW Management Group, LLC ("ETW").  ETW was not an original obligor of the Leventhal Note.  A true and correct copy of the Loan Modification Agreement is attached as **Exhibit 2**.

15.    Only Mr. Thomas and ETW signed the Loan Modification Agreement in 2020, not Plaintiff.  In fact, at no time prior to May 2021 was Plaintiff ever obligated as a borrower or obligor on the Leventhal Note, as modified by the Loan Modification Agreement.

16.    On or about May 28, 2021, and thus approximately nineteen (19) months after the original loan was made pursuant to the Leventhal Note, Mr. Thomas, ETW, and Plaintiff entered into a Loan Assumption Agreement (the "Loan Assumption Agreement"), whereby Plaintiff, for the first time, also assumed joint liability for the debt owed by Mr. Thomas and ETW pursuant to the Leventhal Note (as modified by the Loan Modification Agreement).  Additionally, pursuant the Loan Assumption Agreement, Plaintiff also agreed to secure that antecedent obligation owed by others by granting a lien on its Property.  A true and correct copy of the Loan Assumption Agreement is attached as **Exhibit 3**.

17.    Plaintiff received no consideration for its agreement to enter into and to be bound by the Loan Assumption Agreement, including without limitation the granting of lien rights in favor of Defendant in and to the Property to secure and collateralize the obligation previously owed to Defendant pursuant to the Leventhal Note (as modified by the Loan Modification Agreement).

18.    On June 3, 2021, Defendant recorded a Deed of Trust and Assignment of Rents (the "Deed of Trust") on the Property as Document No. 956880, which perfected his lien rights granted to him pursuant to the Loan Assumption Agreement.  A true and correct copy of the Deed of Trust Defendant caused to be recorded on the Property is attached as **Exhibit 4**.

19.    Defendant was aware of Plaintiff's obligations owing under the NV Capital Note and related deed of trust at the time of the Transfers and Obligations, including in particular that the deed of trust recorded in favor of the beneficiaries of the NV Capital Note was recorded prior

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

in time to any lien granted in favor of Defendant, and thus that their liens were senior in priority Defendant's lien granted pursuant to the Loan Assumption Agreement.

20.     By virtue of Defendant's formal legal training and practice as a licensed lawyer, including his specific practice in bankruptcy law in particular, Defendant is a sophisticated business person that was well aware of the legal issues and dangers of entering into and engaging in the Transfers and Obligations with Plaintiff, including without limitation, the potential avoidance and recovery of such matters in the event Defendant filed for bankruptcy.

21.     At the time of the Transfers and Obligations, Plaintiff was already in default under its obligations owed to the beneficiaries under the NV Capital Note, and also delinquent on its real property taxes for the Property.

22.     On June 2, 2021, and thus less than a week after the parties signed the Loan Assumption Agreement, and thus before Defendant recorded his Deed of Trust on the Property, the beneficiaries under the NV Capital Note recorded a Notice of Breach and Election to Sell on the Property, thereby formally giving notice that the NV Capital Note and related deed of trust were in default due to nonpayment.

23.     Defendant knew or should have know of Plaintiff's default under its obligations under the NV Capital Note, and Plaintiff's deteriorating financial condition as of the time the parties entered into the Transfers and Obligations.

24.     On September 29, 2021, the alleged beneficiaries under the NV Capital Note recorded a Notice of Breach and Election to Sell on the Property, which set a trustee's sale for the Property on October 21, 2021.  Debtor's filing of its Chapter 11 Case on the Petition Date was the day prior to the foregoing trustee's sale, and thus stayed that sale from proceeding by operation of the automatic stay in 11 U.S.C. § 362.

25.     For calendar year 2021, Plaintiff did not generate sufficient cash flow from operations to be able to afford to pay its obligations owing under the NV Capital Note, and other normal costs associated with the Property as such expenses became due, including also without limitation, the obligations to pay real property taxes for the Property (approximately $8,000 delinquent), as well as various other obligations that are in default and remain unpaid, including

5

without limitation to those owing to Judah Zakalik (at least $200,000), Edlin Kim (at least $200,000), and Joe Casper (at least $312,921), among various other unsecured claims.

26.    The beneficiaries under the NV Capital Note have filed proofs of claim in Debtor's Chapter 11 Case asserting claims in the Property totaling $2,025,057.54 as of the Petition Date.

27.    Plaintiff's agreement to be jointly obligated on the Leventhal Note (as modified by the Loan Modification Agreement) pursuant to the Loan Assumption Agreement (the "Obligations") was the incurrence of a constructively fraudulent obligation that is avoidable pursuant to 11 U.S.C. §§ 544 and 548 and, to the extent necessary, recoverable for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

28.    The transfers of rights to Defendant by Plaintiff's entering into the Loan Assumption Agreement, including but not limited to the granting of a right to lien Plaintiff's Property, as well as Defendant's recordation of the Deed of Trust on Debtor's Property to perfect his lien rights granted by the Loan Assumption Agreement (collectively, the "Transfers"), were constructively fraudulent transfers that are avoidable pursuant to 11 U.S.C. §§ 544 and 548 and, to the extent necessary, recoverable for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

29.    The Transfers and Obligations diminish Debtor's bankruptcy estate that would have otherwise been available to pay its creditors.

30.    Debtor made demand on Defendant to avoid and return the Transfers and Obligations at issue herein, however, Defendant has failed or refused to do so, and thus this legal action is necessary to vindicate the bankruptcy estate's rights and remedies, as well as to proceed with Debtor's confirmation of its chapter 11 plan of reorganization, and the effectuation of that plan, including in particular the equitable and appropriate treatment of creditor interests required under title 11 of the United States Code.

31.    On November 3, 2021, Debtor filed its bankruptcy *Schedules* [ECF No. 14] in its Chapter 11 Case, which scheduled Defendant as holding a disputed, secured claim.

32.    In spite of receiving due and proper notice of Debtor's bankruptcy filing and of the applicable claims bar date therein, as of the filing of this Complaint, Defendant has not filed a

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-2169

proof of claim in the Chapter 11 Case.

33.    On January 18, 2022, Debtor filed its [Proposed] *Chapter 11 Plan of Reorganization* (the "<u>Plan</u>") [ECF No. 33], which classifies and treats its alleged claims and interests.  Debtor's Plan will be set for a confirmation hearing, and thus a determination needs to be made regarding the validity and priority of Defendant's alleged claims in the case and interests in and to the Property, if any.

34.    Plaintiff had at least one creditor in existence and unpaid as of the dates of its entering entering into the Loan Assumption Agreement, and the recordation of the Deed of Trust against the Property to perfect that lien and interest, and also at all other relevant times at issue in this Complaint.

### First Claim for Relief

### (Avoidance of Constructively Fraudulent Transfers
### and Obligations Pursuant to 11 U.S.C. § 548(a)(1)(B))

35.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of this Complaint as though fully set forth herein.

36.    The Transfers were transfers of an interest of Debtor in property.

37.    The Obligations were incurred by Debtor.

38.    Debtor made the Transfers and incurred the Obligations within two (2) years before the Petition Date.

39.    Debtor made the Transfers and incurred the Obligations without receiving a reasonably equivalent value in exchange them because, among other things, Debtor was not an obligor under the original Leventhal Note or otherwise obligated to Defendant at the time, the funds loaned to Mr. Thomas pursuant to the Leventhal Note, and as later modified pursuant to the Loan Modification Agreement, were not used to fund Plaintiff's operations or expenses, and Plaintiff's Transfers and incurrence of the Obligations did not otherwise provide anything of real or significant value to Plaintiff.

40.    Debtor was insolvent at the time it made the Transfers and incurred the Obligations.

41.    At the time Debtor made the Transfers and incurred the Obligations, Plaintiff was

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

engaged in a business or transaction, or was about to engaged in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital, or for which Debtor did not have the ability to pay.

42.    Due to the Transfers and/or Obligations, Plaintiff intended to incur, or believed or reasonably should have belief that it would incur debts beyond its ability to pay as they became due or matured.

43.    Based on the foregoing, the Transfers and Obligations are avoidable as a constructively fraudulent transfers or obligations pursuant to 11 U.S.C. § 548(a)(1)(B).

<u>Second Claim for Relief</u>

**(Avoidance of Constructively Fraudulent Transfers and/or**

**Obligations Pursuant to 11 U.S.C. § 544(b)(1) and NRS § 112.180(1)(b))**

44.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of this Complaint as though fully set forth herein.

45.    The Transfers were transfers of an interest of Debtor in property.

46.    The Obligations were incurred by Debtor.

47.    Debtor made the Transfers and incurred the Obligations within four (4) years prior to the Petition Date.

48.    Debtor did not receive a reasonably equivalent value in exchange for making the Transfers and incurring the Obligations because, among other matters, Debtor was not an original obligor under the Leventhal Note and thus was not indebted to Defendant, Plaintiff did not receive or use any of the proceeds loaned or otherwise receive consideration for its entering into the Loan Assumption Agreement, thereby agreeing to jointly obligate itself on this antecedent debt and granting lien rights in and to its Property.

49.    Due to the Transfers and/or Obligations, Debtor was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

50.    Due to the Transfers and/or Obligations, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

due.

51.     Based on the foregoing, the Transfers are avoidable as constructively fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1), and as it incorporates NRS § 112.180(1)(b), and the Obligations are avoidable as constructively fraudulent obligations pursuant to those same provisions.

### Third Claim for Relief

### (Recovery of Avoided Transfers and Obligations Pursuant to 11 U.S.C. § 550(a))

52.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of this Complaint as though fully set forth herein.

53.     Defendant was the initial transferee of the Transfers and the recipient of Debtor's incurrence of the Obligations.

54.     Defendant was the entity for whose benefit Debtor made the Transfers, and Defendant was the entity for whose benefit Debtor incurred the Obligations.

55.     Defendant did not provide any monies loaned pursuant to the Leventhal Note, as modified by the Loan Modification Agreement, to Debtor, and Debtor was not otherwise indebted or obligated to Defendant at the time it entered into the Loan Assumption Agreement.

56.     Based on the foregoing, Plaintiff is entitled to recover the Transfers and the Obligations, or their value, from Defendant pursuant to 11 U.S.C. § 550(a).

### Fourth Claim for Relief

### (Disallowance of Claim 11 U.S.C. § 502(d))

57.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs of this Complaint as though fully set forth herein.

58.     Defendant is the transferee of the Transfers and/or a recipient of the Obligations, which are avoidable and, to the extent necessary, recoverable, pursuant to 11 U.S.C. § 544, 548, and 550, and for the benefit of Debtor's bankruptcy estate.

59.     In spite of demand having been made, Defendant has not turned over the Transfers or voided the Obligations, or their value, to Debtor and for the benefit of the bankruptcy estate.

60.     As a result of the foregoing, any claim of Defendant in Debtor's Chapter 11 Case,

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

if any, should be disallowed in its entirety pursuant to 11 U.S.C. § 502(d).

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief as follows:

1.      That the Transfers and Obligations be avoided as constructively fraudulent transfers and/or obligations pursuant to 11 U.S.C. § 548(a)(1)(B).

2.      That the Transfers and Obligations be avoided as constructively fraudulent transfers and/or obligations pursuant to 11 U.S.C. § 544(b)(1) and NRS § 112.180(1)(b).

3.      That Plaintiff is entitled to recover the Transfer and Obligations, or their value, pursuant to 11 U.S.C. § 550(a), and enter judgment against Defendant and in favor of Plaintiff in an amount equal thereto, including without limitation the voiding of the Deed of Trust and/or any other secured claim against the Debtor, and any interest, lien or encumbrance in or to the Debtor's Property in favor of Defendant.

4.      That as a result of the Transfers and Obligations, Defendant's claim in Debtor's Chapter 11 Case, if any, be disallowed in its entirety pursuant to 11 U.S.C. § 502(d).

5.      That the Court grant any other or further relief as may be just and proper under the circumstances of this case.

Dated:  January 21, 2022.

By: /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Plaintiff

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT 1

# EXHIBIT 1

# PROMISSORY NOTE

BORROWER(S):    PAUL D. THOMAS
LOAN AMOUNT:    $180,000.00
REFERENCE DATE:  October 14, 2019

**1.    LOAN AND PROMISE TO PAY.** In exchange for valuable consideration, including a loan which I have received in the principal amount of this Note, the undersigned PAUL D. THOMAS (hereinafter referred to as "Borrower") hereby promises to pay DAVID LEVENTHAL (hereinafter referred to as "Lender") the principal sum of ONE HUNDRED EIGHTY THOUSAND DOLLARS ($180,000.00) pursuant to the terms of this Note.

**2.    INTEREST.** So long as Borrower is not in default in its obligations under this Note, the Deed of Trust executed concurrently herewith, or any other agreement between Borrower and Lender, interest will be charged on unpaid principal owed hereunder until all principal, interest, and other amounts owed hereunder have been paid in full. Borrower will pay interest to Lender at the annual rate of Five percent (5.00%). Interest shall accrue monthly, and shall be calculated upon the average outstanding principal balance due during each respective month in which interest is owed and calculated. All principal, interest and other sums due under this Note are payable in lawful money of the United States of America.

**3.    TERM.** The term of this Note is Two (2) years. All unpaid principal, together with all unpaid interest and other sums due under this Note are owing, due, and payable in their entirety on October 14, 2021, which is the maturity date of this Note.

**4.    PAYMENT AMOUNTS.** Borrower shall make payments to Lender of all interest accrued during the prior quarter-year on the first day thereafter (January 1, April 1, July 1, and October 1). All principal, together with all unpaid interest and other sums due under this Note are owing, due, and payable in their entirety on October 14, 2021, which is the maturity date of this Note.

**5.    PAYMENT REQUIREMENTS.** All interest payments, principal reduction payments, and other amounts due under this Note shall be delivered to Lender on the first day of each month during the term of this Note, at 4625 West Nevso Drive, Suite 3, Las Vegas, Nevada, 89103, or at such other address designated in writing by Lender. Upon Borrower's receipt of written instructions for direct deposit into Lender's bank account, Borrower shall thereafter remit all amounts due under this Note in accordance with said instructions. Payments shall conclusively be deemed to have not been tendered or made until actually delivered to and received by Lender or deposited into Lender's account. Payments received by Lender later than 4:00 p.m. (Los Angeles time) shall be considered received on the following business day. Borrower assumes all risks associated with transmittal of funds, including but not limited to loss of such payments in transit and/or delays in remittance which cause the incurance of late fees or acceleration hereunder. Lender's receipt of a check from Borrower for any payment under this Note shall not constitute payment if said check is not honored by Borrower's bank for any reason. All monies received by Lender pursuant to this Note shall be applied: first to the payment of any costs, fees, late charges, or other expenses incurred by Lender in connection with the indebtedness evidenced by this Note; then to the payment of accrued interest; then to the reduction of the principal balance. Borrower may not alter the foregoing application of monies received, and any attempt by Borrower to do so shall be null and void.

**6.    CALLABLE NOTE.** Commencing on July 1, 2020, Lender may call this Note due and payable in its entirety, without regard to whether Borrower is or has ever been in default, upon ninety (90) days written notice to Borrower. Said notice shall be delivered to Borrower in accordance with the notice provisions of this Note. Upon expiration of the notice period specified in this paragraph, all principal, together with all unpaid interest and other sums due under this Note, shall be immediately owing, due, and payable in their entirety.

**7.    PREPAYMENT.** Subject to the following paragraph, this Note may be prepaid in whole or in part without penalty or additional charge to Borrower. Borrower may not prepay this Note unless and until: (i) Borrower gives and Lender actually receives the notice described in the following paragraph; and (ii) Lender fails to exercise its equity conversion right.

Initials: PT

**8.** **CONVERSION TO EQUITY.** At Lender's Option, this Note may be converted to a ten percent (10%) equity membership in "FTW MANAGEMENT GROUP LLC, a Nevada Limited Liability Company, Nevada Secretary of State Entity Number       :018-5 (hereinafter referred to as "ETW"); of which Borrower is presently the sole Manager and Member; and therefore possesses unilateral authority to convey any interest in ETW. Lender shall give written notice to Borrower of Lender's election to exercise this Option: (i) within fifteen days after Borrower notifies Lender that Borrower desires to retire this Note (either by Borrower paying the debt in full, or via Lender exercising its equity conversation right); or (ii) within fifteen days of the effective date of conversation, even if Borrower has not notified Lender that Borrower desires to retire this Note.

**9.** **GENERAL CONTRACT TERMS.**

a.    NO WAIVER. The failure of Lender to insist upon the performance of any of the terms and conditions of this Note shall not be construed or interpreted as a waiver, release, or modification of Lender's rights hereunder. The occurrence of one or more breaches by Borrower of the terms of this Note does not and shall not constitute a consent or acquiescence to further or future breaches by Borrower. This Note shall remain in full force and effect without regard to whether Lender has sought or procured enforcement hereof at any time. Any forbearance by Lender in the enforcement of its rights and remedies hereunder shall not impair or affect Lender's rights hereunder.

b.    ATTORNEYS FEES AND COSTS. In the event that it becomes necessary for any party hereto to bring or defend any action or proceeding to enforce the terms of this Note, the Prevailing Party in such action or proceeding shall be entitled to a judgment, award, and/or order against the non-Prevailing Party for all attorneys' fees and costs of suit incurred by the Prevailing Party. All attorney's fees and costs incurred by Lender in any proceeding to enforce the terms of this Note and/or to protect any security interest given concurrently herewith shall be added to principal when incurred, and such sums shall bear interest in accordance with the terms of this Note. Upon written demand by Lender, Borrower shall reimburse Lender for all attorney's fees, costs, and interest thereon, thereby reducing the principal due to the originally scheduled balance which would have otherwise been due but for Lender's incurance of attorney's fees and costs under this Note.

c.    NOTICES. All notices and payments given pursuant to this Note shall be in writing and shall be deemed to have been duly served upon actual delivery in person or upon actual delivery by registered or certified mail to the address of the person for whom such Notice is intended, at the following addresses: To Lender: DAVID LEVENTHAL 4625 West Nevso Drive, Suite 3, Las Vegas, Nevada, 89103 To Borrower: PAUL D. THOMAS 1463 Graystone Canyon Avenue, Las Vegas, Nevada, 89183 The parties may change their respective addresses as set forth herein by providing written notice to the other Parties pursuant to the terms of this paragraph.

d.    ENTIRE AGREEMENT. Except to the extent that this Note may be expressly incorporated by reference into the terms of one or more separate writings signed contemporaneously by all parties hereto, this Note memorializes and constitutes the complete and final integration and entire agreement between Lender and Borrower with respect to the subject matter hereof, and supersedes and replaces all prior and contemporaneous negotiations, proposed agreements, and agreements, whether written or unwritten, whether express or implied. Borrower declares and represents that no promise, inducement, or agreement not herein expressed has been made by Lender to Borrower or any other person or entity. This Note may be amended and modified only by an agreement in writing agreed to and signed by all parties to this Note. Any purported amendment or modification of this Note not memorialized in a writing signed by all parties to this Note shall be null and void.

e.    SUCCESSORS AND ASSIGNS. This Note shall be binding upon and shall inure to the benefit of the parties hereto, as well as their respective heirs, executors, administrators, successors in interest, and assigns. However, nothing contained in this paragraph shall be construed or interpreted: to permit the transfer, conveyance, or encumbrance of the Property or any part thereof; or as a waiver or impairment of Lender's right to accelerate all amounts owed hereunder upon any such transfer, conveyance, or encumbrance. Lender hereby reserves any right it may have under this Note or any other agreement executed concurrently herewith to declare a default or breach by virtue of any transfer, conveyance, or encumbrance of the Property, Borrower's rights hereunder, or of any property which also serves as collateral for the loan referenced herein.

f.    WAIVERS. Borrower hereby waives presentment; demand; notice of dishonor; protest of dishonor, notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of attorney's fees,

Initials: PT

Promissory Note                                                        Page 2 of 3

costs, expenses, or losses; notice of interest; notice of late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. The failure of Lender to insist upon the performance of any of the terms and conditions of this Note shall not be construed or interpreted as a waiver, release, or modification of Lender's rights hereunder. The occurrence of one or more breaches by Borrower of the terms of this Note does not and shall not constitute a consent or acquiescence to further or future breaches by the Borrower. This Note shall remain in full force and effect without regard to whether Lender has sought or procured enforcement hereof at any time. Any forbearance by Lender in the enforcement of its rights and remedies hereunder shall not impair or affect Lender's rights hereunder.

g.      GOVERNING LAW. It is agreed that this Note shall be governed by, construed, and enforced in accordance with the laws of the State of California. Subject matter jurisdiction and venue for any litigation or other proceeding to interpret or enforce this Note shall be in the State of California, Los Angeles County, Central District.

h.      SEVERANCE OF TERMS. If any provision, clause, or term of this Note is held to be illegal or invalid by a court of competent jurisdiction, such provision, clause, or term shall be deemed to be severed and deleted, and neither such provision, clause, or term, nor its severance and deletion, shall affect or impair the validity or interpretation of the remaining provisions and terms of this Note, all of which shall remain in full force and effect, and which shall be interpreted in a manner which is most consistent with the original intent of the parties hereto.

i.      BINDING AGREEMENT. By signing below, the parties hereby warrant that they have thoroughly read and fully understand the terms, conditions, obligations and information contained herein and further warrant that they agree to and acknowledge said terms, conditions, obligations and information.

Dated: 10/14/19

PAUL D. THOMAS

# EXHIBIT 2

# EXHIBIT 2

# LOAN MODIFICATION AGREEMENT

This Agreement modifies that certain Promissory Note dated and signed October 14, 2019 by Paul D. Thomas, as Borrower; delivered to David Leventhal, as Lender; in the original principal amount of $180,000 (the "Note"), as follows:

Paragraph 8 of the Note (captioned "Conversion to Equity") is hereby deleted, and replaced with the following:

**8.    SHARED APPRECIATION.** In addition to the repayment of principal and interest due under this Note, Borrowers shall pay to Lender amounts referred to herein as Shared Appreciation pursuant to the provisions of this Section.

Definitions Used in Calculation of Shared Appreciation

As used herein, "Cultivation Certificate" means and refers to that certain Medical Marijuana Cultivation Registration Certificate issued by the State of Nevada to ETW, as Certificate Number 7243-0861, Establishment Identification Number C023, Taxpayer ID Number ___ 5-001; and all rights, privileges, immunities, and protections associated therewith.

As used herein, "Dispensary License Claim" means and refers to all causes of action, claims, rights and remedies asserted by, owed to, and/or ultimately received and/or recovered by ETW in that certain lawsuit filed as *Serenity Wellness Center LLC, etc. vs. State of Nevada,* Case Number A-19-786962-B (hereinafter referred to as the "Lawsuit"), in the Clark County District Court for the State of Nevada; of which ETW is (plaintiff or intervenor).

As used herein, "ETW" means and refers to "ETW MANAGEMENT GROUP LLC, a Nevada Limited Liability Company", Nevada Secretary of State Entity Number ___ 018-5 (hereinafter referred to as "ETW"); of which Borrower is presently the sole Manager and Member; and therefore possesses unilateral authority to obligate ETW to pay the amounts described herein.

Calculation of Shared Appreciation

Shared Appreciation shall be paid to Lender by Borrowers, as follows:

1. If and to the extent that ETW receives any payment of money upon settlement or judgment in the Lawsuit, ten percent (10%) of the Net Monetary Proceeds shall be remitted to Lender.  As used herein, "Net Monetary Proceeds" means all money remitted to ETW in connection with the Lawsuit, minus all attorney's fees and related costs incurred by ETW in the Lawsuit.

2. If and to the extent that ETW receives a Dispensary License from the State of Nevada upon settlement or judgment in the Lawsuit, ETW shall sell said license for the highest amount that can be obtained by ETW within ninety (90) days thereafter; and ten percent (10%) of the Net Monetary Proceeds from said transaction shall be remitted to Lender.

3. If ETW completes a sale of the Cultivation Certificate before ETW has received and paid all of the amounts specified in subsections (1) and/or (2) hereof; ETW shall remit to Lender ten percent (10%) of net proceeds from ETW's sale of the Cultivation Certificate, and said amount shall be credited towards ETW's payment obligations in subsections (1) and (2) above.

Initials: PT ___ DL ___              Loan Modification Agreement              Page 1 of 2

4. If the bond posted by Plaintiffs in the Lawsuit is exonerated, and the proceeds thereof are remitted by the Court to the payors thereof (including ETW, which used the proceeds of the loan memorialized in this Note to contribute to said bond); said proceeds shall be remitted by ETW to Lender, and said amount shall be credited towards ETW's payment obligations in subsections (1), (2), and (3) above.

By way of example, if ETW sells the Cultivation Certificate for $4,000,000 and thereafter sells the Dispensary License for $15,000,000; ETW shall remit $400,000 to Lender upon sale of the Cultivation Certificate (computed as 10% of $4,000,000); and $1,100,000 to Lender upon sale of the Dispensary License (computed as 10% of $15,000,000 = $1,500,000; less $400,000 equals $1,100,000). In contrast, if ETW sells the Dispensary License before the Cultivation Certificate, then ETW shall remit to Lender ten percent (10%) of the Net Sale Proceeds of that transaction; Lender shall not receive any portion of proceeds from the sale of the Cultivation Certificate; this Agreement shall be deemed fully performed by ETW; and this Note shall be deemed paid in full and retuned to Borrower as a cancelled note. In either case, if the bond in the Action is exonerated and cash thereon is returned to ETW, that amount shall be tendered by ETW to Lender, and credited towards ETW's payments of Shared Appreciation, as stated above.

The intent of the foregoing is that Lender receive an aggregate of ten percent of all net revenue derived by ETW from the Dispensary License Claim; and partial advance payments thereof from any sale of the Cultivation Certificate, and/or a return of the bond monies, if either of those transactions occur before ETW's procurement and sale of the Dispensary License.

This Loan Modification Agreement may be executed via ink, facsimile, electronic, and/or DocuSign signatures, and delivered via email; and shall thereupon be binding upon the parties.

Having received and directly benefited from the loan, ETW is hereby added as a Borrower and direct Obligor on the Note.

Dated: 2/4/20

ETW MANAGEMENT GROUP LLC,
a Nevada Limited Liability Company

_Signature_
PAUL THOMAS — MANAGING MEMBER
_Print Name and Title_

Dated: 2/4/20

PAUL D. THOMAS

Agreed and Accepted:

Dated: 02-05-20

DAVID LEVENTHAL

Initials: PT ___ DL ___

Loan Modification Agreement

Page 2 of 2

# EXHIBIT 3

# EXHIBIT 3

# LOAN ASSUMPTION AGREEMENT

This Loan Assumption Agreement is entered into by and between PAUL THOMAS ("THOMAS"); ETW MANAGEMENT GROUP, LLC, a Nevada Limited Liability Company ("ETW"); GATA HF, LLC, a Nevada Limited Liability Company ("GATA"); and DAVID LEVENTHAL ("Lender"); effective as of May 16, 2021; and is made with reference to the following Recitals:

A.       On October 14, 2019, Lender loaned the sum of One Hundred Eighty Thousand Dollars ($180,000.00) to THOMAS.  Said loan was evidenced by a Promissory Note executed by THOMAS, and delivered to Lender.  A true and correct copy of the Promissory Note is attached hereto as Exhibit "A" and is incorporated herein by this reference.

B.       On February 4 and 5, 2020, the terms of the loan were modified, pursuant to a "Loan Modification Agreement", executed by THOMAS, ETW, and Lender.  A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit "B" and is incorporated herein by this reference. Among other modifications, the Parties thereto agreed and declared that ETW directly benefitted from the loan, and for that reason, ETW was added as a Borrower and Obligor under the Note.

C.       The Parties now desire to provide Lender with collateral for the Borrowers' obligations under the Note.  GATA is an entity related to THOMAS and ETW, and as such, GATA has agreed to assume joint liability for the Borrowers' obligations under the Note; pursuant to the terms of this Agreement.

WHEREFORE, the Parties hereby agree as follows:

**1.       Assumption of Liability Under Note.**  GATA hereby assumes as its direct obligation to Lender all of the Borrowers' obligations under the Note and the Loan Modification Agreement; and GATA hereby agrees to pay when due all of the indebtedness evidenced by the Note and the Loan Modification Agreement.  GATA further agrees to perform and observe all of the covenants, obligations and agreements contained in the Note and the Loan Modification Agreement.  As used hereafter, "Loan Documents" means and refers collectively to the Note, the Loan Modification Agreement, this Loan Assumption Agreement, and the Deed of Trust (referenced below); and all references to "Borrower" or "Borrowers" under the Loan Documents shall mean and include PAUL THOMAS ("THOMAS"); ETW MANAGEMENT GROUP, LLC, a Nevada Limited Liability Company ("ETW"); and GATA HF, LLC, a Nevada Limited Liability Company.

**2.       No Release of Other Borrowers.**  Lender hereby expressly reserves and preserves any and all rights that it possesses against THOMAS and/or ETW under the Loan Documents.  Under no circumstances shall this Agreement be construed or interpreted as a waiver or release of any of Lender's rights and/or remedies against THOMAS or ETW.  In the event that GATA defaults in any of its obligations under the Loan Documents, then THOMAS and ETW shall remain liable to Lender for any damages suffered by Lender as a result of such defaults, including but not limited to any judgment, lien, and other enforcement to which Lender may be entitled to under Nevada law.

**3.       Consent to Assumption.**  THOMAS, ETW, and Lender hereby consent to GATA's assumption of liability of Borrowers' obligations under the Loan Documents.  It is understood and agreed that performance and payment to Lender by any Borrower shall constitute performance and payment by

all Borrowers; such that Lender shall be entitled to only one payment of the entire amount due under the Loan Documents.

**4.** **No Further Extensions or Agreements.** This Agreement is not and shall not be construed as a promise or obligation by Lender to any further extensions, modifications, or amendments to the Loan Documents, nor to any further forbearance by Lender in the exercise of its rights under the Loan Documents.

**5.** **Collateral for Obligations.** Concurrently herewith, GATA has executed and delivered to Lender a Deed of Trust; whereby GATA pledges certain real property owned by GATA as security and collateral for GATA's obligations under the Loan Documents.

**6.** **Enforceability of Loan Documents.** Except as expressly and intentionally set forth herein, this Agreement shall not in any way invalidate, impair, affect, minimize, or diminish the Loan Documents or Lender's rights or remedies therein. Borrowers hereby acknowledge and agree that they possess no defense, objection, or offset to the enforcement of the Loan Documents. Without limiting the generality of the foregoing waivers, Borrower hereby expressly and specifically waives and abandons any alleged right to contest, challenge, oppose, or audit: (1) the amounts owed under the Loan Documents, as set forth herein; and/or (2) any actual or alleged defect in any notice, or any omission by Lender in connection with the administration of the Loan Documents.

**7.** **Acknowledgement of No Claim.** Borrowers represent, acknowledge, and agree that: (a) Borrowers have no claim or cause of action of any kind against Lender; (b) Borrowers have no offset or defense against any of Borrower's obligations, indebtedness, or contracts in favor of Lender; and (c) Lender has heretofore properly performed and satisfied in a timely manner all of Lender's obligations to and contracts with Borrower.

**7.** **General Contract Terms.**

a.    Legal Advice. The parties hereby acknowledge that they have been given ample opportunity to review this Agreement with legal counsel of their own choice, and that the provisions hereof and their legal effect have been fully analyzed and explained by such counsel. The parties further confirm that they fully understand the terms, conditions, and provisions of this Agreement, and believe them to be fair, just, and reasonable under the existing circumstances. The parties further confirm that each is entering into this Agreement freely and voluntarily, and that their execution, of this Agreement is not the result of duress, undue influence, collusion, or improper or illegal agreement or agreements, and the parties fully and completely intend to be bound and restricted by the terms of this Agreement.

b.    Attorney's Fees and Costs. In the event that it becomes necessary for any party hereto to bring or defend any action, arbitration, appeal, or other legal proceeding to enforce or interpret the terms of this Agreement, the Prevailing Party in such proceeding shall be entitled to a judgment, award, and/or order against the non-Prevailing Party for all attorneys' fees and costs of suit incurred therein by the Prevailing Party. The term "Prevailing Party" means the party who substantially obtains or defeats the relief sought or the defense raised by the other party, as the case may be, whether by judgment or abandonment by the other Party of its claim or defense. The attorney's fees award shall not be computed in accordance with any court fee schedule, but shall be such as is necessary to fully reimburse the Prevailing Party for all attorney's fees and costs incurred in bringing or defending the action or proceeding.

DocuSign Envelope ID: E4DAC243-CE75-424A-8642-325F810B6B5D

c.    Governing Law.  This Agreement is made and entered into and shall in all respects be interpreted, enforced, and governed under the laws of the State of California.

d.    Jurisdiction and Venue.  Subject matter jurisdiction and venue for any court action between the Parties shall be in the State of Nevada, Counties of Clark or Nye.

e.    Waiver of Jury Trial.  AS A MATERIAL INDUCEMENT TO ALL OTHER MEMBERS, THE PARTIES HEREBY WAIVE TRIAL BY JURY WITH RESPECT TO ANY ACTION, CLAIM, SUIT OR PROCEEDING IN RESPECT OF OR ARISING BETWEEN THE PARTIES.  EACH PARTY HAS OBTAINED THE ADVICE OF ITS LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT AND ACKNOWLEDGES THAT IT HAS VOLUNTARILY AGREED TO THIS WAIVER OF THEIR RIGHT TO A TRIAL BY JURY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND LEGAL CONSEQUENCE.

f.    No Partnership or Joint Venture Created.  Nothing in this Agreement shall be construed, deemed or interpreted to create the relationship of principal and agent, or of partnership, joint venture or any other association between Lender and the other Parties, other than that of Lender and Borrower.

g.    Successors and Assigns.  This Agreement shall be binding upon and shall inure to the respective heirs, successors, and assigns of the parties hereto.  However, nothing contained in this paragraph shall be construed or interpreted to permit the transfer, conveyance, or encumbrance of the parties' respective rights hereunder, unless specifically authorized under this Agreement or permitted by law.  Lender hereby reserves any right it may have under this Agreement or any other agreement executed concurrently herewith to declare a default or breach by virtue of any transfer, conveyance, or encumbrance of the Property.

h.    Fully Negotiated Agreement.  This Agreement has been fully negotiated by the parties hereto, and as such, neither party shall be deemed to be the sole drafter of this Agreement for purposes of interpretation, enforcement, presumptions, nor any other purpose.

i.    Entire Agreement.  This Agreement (after full execution) memorializes and constitutes the complete and final integration and entire agreement between the parties with respect to the subject matter hereof, and supersedes and replaces all prior and contemporaneous negotiations, proposed agreements, and agreements, whether written or unwritten, whether express or implied.  The parties declare and represent that no representation, warranty, covenant, understanding, agreement, restriction, condition, promise, inducement, or agreement not herein expressed has been imposed or made by the other party or by any other person or entity.  This Agreement may be amended and modified only by an agreement in writing agreed to and signed by all parties to this Agreement.  Any purported amendment or modification of this Agreement not memorialized in a writing signed by all parties to this Agreement shall be null and void.  All covenants, warranties, and representations set forth herein shall survive this Agreement.

j.    Severability.  If any provision, clause, or term of this Agreement held to be unenforceable, illegal, invalid, or incorrect by a court of competent jurisdiction, such provision, clause, or term shall be deemed to be severed and deleted; and neither such provision, clause, or term, nor its severance and deletion, shall affect the validity or interpretation of the remaining provisions and terms of this Agreement.

DocuSign Envelope ID: E4DAC247-CE75-424A-8642-325F810B6B5D

k.    Authority.   Any person executing this Agreement on behalf of a corporation, partnership, limited liability company, trust, estate, or other non-human entity hereby represents and certifies that they are fully, completely, and expressly authorized to execute this Agreement on behalf of such entity, and to bind such entity to the terms of this Agreement.

l.    Binding Agreement.   By signing below, the Parties hereby warrant that they agree to, and are hereby bound, obligated, liable, and restricted by all of the terms, conditions, and recitals set forth in this Agreement.

Dated: 5/28/2021

GATA HP, LLC, a Nevada Limited Liability Company
By Its Managing Member,
    GATA II, LLC, a Nevada Limited Liability Company,
    By Its Managing Member,
        PAUL THOMAS

Dated: 5/28/2021

GATA HP, LLC, a Nevada Limited Liability Company
By Its Managing Member,
    GATA IV, LLC, a Nevada Limited Liability Company,
    By Its Managing Member,
        PAUL THOMAS

Dated: 5/28/2021

LTW MANAGEMENT GROUP LLC,
a Nevada Limited Liability Company,
    By Its Managing Member,
        PAUL THOMAS

Dated: 5/28/2021

PAUL THOMAS, an Individual

Dated: 5/27/2021

David Leventhal
DAVID LEVENTHAL, an Individual

# EXHIBIT 4

EXHIBIT 4

APN. 045-411-03

**WHEN RECORDED MAIL TO:**
David Leventhal
2260 Village Walk Drive, Suite 1204
Henderson, Nevada, 89052

**MAIL TAX STATEMENT TO:**
David Leventhal
2260 Village Walk Drive, Suite 1204
Henderson, Nevada, 89052

# DOC #956880

Official Records Nye County NV
Deborah Beatty - Recorder
06/03/2021 08:07:02 AM
Requested By: FIRST AMERICAN TITLE
Recorded By: MJ  RPTT:$0
Recording Fee: $37.00
Non Conformity Fee: $
Page 1 of 3

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made on May 18, 2021,  between GATA HF, LLC, a Nevada Limited Liability Company, herein called TRUSTOR, whose address is 1463 East Graystone Canyon Avenue, Las Vegas, Nevada, 89183; and DAVID LEVENTHAL, herein called BENEFICIARY, whose address is: 2260 Village Walk Drive, Suite 1204, Henderson, Nevada, 89052; and CHICAGO TITLE AGENCY OF NEVADA, INC., A NEVADA CORPORATION herein called TRUSTEE,

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Washoe County, Nevada described as:

**Nye County Tax Assessor Parcel Number 045-411-03;** also known as:

**9381 South Homestead Road, Pahrump, Nevada, 89048;** also known as:

**9381 South Homestead Road, Pahrump, Nevada, 89061;** also known as:

The South Half (S 1/2) of the Northwest Quarter (NW 1/4) of Section 31, Township 21 South, Range 54 East, M.D.M.
EXCEPTING THEREFROM the Southerly 330 feet of the Northwest Quarter (NW 1/4) of Section 31, Township 21 South, Range 54 East, M.D.M.
FURTHER EXCEPTING THEREFROM:
The North Half (N 1/2) of the North Half (N 1/2) of the South Half (S 1/2) of the Northwest Quarter (NW 1/4); and
The North Half (N 1/2) of the South Half (S 1/2) of the North Half (N 1/2) of the South Half (S 1/2) of the Northwest Quarter (NW 1/4)
of Section 31, Township 21 South, Range 54 East, M.D.M.
TOGETHER WITH 30 acre feet of Water Rights under Permit Number 73581.

**TOGETHER WITH** the rents, issues and profits thereof, **SUBJECT, HOWEVER**, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

Recorded As An Accommodation
Only Without Liability

**FOR THE PURPOSE OF SECURING**: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note, and any extension or renewal thereof, in the principal sum of **$180,000.00** executed and assumed by Trustor in favor of Beneficiary or order. 3. Payment of such additional sums as may hereafter be borrowed from beneficiary by the then record owner of said property, when evidenced by another promissory note (or notes) reciting it is so secured.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:** By the execution and delivery of the Deed of Trust and the Note secured hereby, that provisions (1) to (16) inclusive of the Deed of Trust recorded in the Book and at the Page, or Document No. of Official records in the Office of the County Recorder of the County where said property is located, noted below opposite the name of such county, viz:

| COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE |
|--------|-------|------|------|--------|-------|------|------|--------|-------|------|------|
| Clark | 413987 | 514 | | Humboldt | 116966 | 3 | 83 | Nye | 47157 | 67 | 163 |
| Churchill | 104123 | 34 mtgs | 591 | Lander | 41172 | 3 | 758 | Ormsby | 72637 | 19 | 102 |
| Douglas | 24496 | 22 | 415 | Lincoln | 41292 | 0 mtgs | 467 | Pershing | 57488 | 28 | 58 |
| Elko | 14831 | 43 | 343 | Washoe | 407205 | 734 | 221 | Storey | 28573 | R mtgs | 112 |
| Esmer | 26291 | 3H deeds | 138-141 | Lyon | 55488 | 31 mtgs | 449 | Wht. Pine | 28124 | 261 | 341-344 |
| Eureka | 39602 | 3 | 263 | Mineral | 78848 | 10 mtgs | 534-537 | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

Dated: _5/25/2_____

_____
GATA HF, LLC, a Nevada Limited Liability Company
  By Its Managing Member,
  GATA IV, LLC, a Nevada Limited Liability Company,
    By Its Managing Member,
    PAUL THOMAS

STATE OF      NEVADA                    )
                                        :ss.
COUNTY OF     CLARK                     )

S. TAIFANE
NOTARY PUBLIC
CLARK COUNTY, NEVADA
My Commission Expires: 07-28-2021
Certificate No: 05-100112-1

This instrument was acknowledged before me on
_____5/25/2021_____ by _Paul Thomas, Managing Member of GATA
HF, LLC a Nevada Limited Liability Company and GATA IV, LLC, a Nevada Limited Liability
Company

_____
                        Notary Public
(My commission expires: 7/28/2021)